A90A0600. COLLIER v. THE STATE.

(393 SE2d 509)

DEEN, Presiding Judge.

The appellant, Nathaniel Collier, was charged with and tried for

obstruction of a law enforcement officer, simple battery, aggravated assault (with a steak knife), aggravated assault (with a hot clothing iron), and aggravated battery (by disfiguring the victim with a hot clothing iron). He was convicted only of aggravated battery.

All of the charges stemmed from an altercation between Collier and his live-in girl friend, in which Collier himself was stabbed three or four times. During the fight, the victim was burned when Collier applied a hot iron to her neck and shoulder area. Collier claimed that he had merely grabbed the iron and held it up as a shield to protect himself from any further knife attack. Although he knew that the victim occasionally left the iron plugged in, he denied knowing that the iron was hot on this occasion. He had thrown the iron down upon realizing that he had burned the victim. *Held*:

1. Collier requested that the trial court instruct the jury that "no person shall be found guilty of any crime committed by misfortune or accident where there was no criminal scheme or undertaking or intention," which tracks the language of OCGA § 16-2-2, except for its omission of "criminal negligence" as one of the factors that must be absent in order for the defense of accident to be available. This omission was not insignificant, however, where there was evidence of at least criminal negligence. The requested charge was an incomplete statement of the law and not precisely adjusted to the evidence, and the trial court did not err in refusing to give it. *Daniels v. State*, 184 Ga. App. 689 (1) (362 SE2d 775) (1987).

2. Collier also contends that the trial court erred in refusing to charge the jury about mistake of fact regarding the temperature of the clothing iron. Failure to instruct on mistake of fact constitutes reversible error only when it is the defendant's sole theory of defense. *Carswell v. State*, 171 Ga. App. 455 (5) (320 SE2d 249) (1984). In the instant case, Collier also asserted justification or self-defense, on which the jury was instructed, along with the law on presumption of innocence, reasonable doubt, credibility of witnesses, the required intent to commit the crimes charged, and the statutory definitions of the offenses. Under these circumstances, we find no reversible error in omitting the jury charge on mistake of fact. *Abelman v. State*, 185 Ga. App. 278 (2) (363 SE2d 764) (1987).

3. The jury convicted Collier only on the aggravated battery charge. It acquitted him on the charges of obstruction, simple battery, and aggravated assault (with a steak knife), and could not reach a verdict on the aggravated assault (with iron) charge, resulting in a mistrial on that count. Collier contends that under OCGA §§ 16-1-6 and 16-1-7, his conviction for aggravated battery may not be sustained where the jury could not reach a verdict on the charge of aggravated assault, which under the facts of this case was a lesser included offense. Those statutory provisions, however, protect against

double convictions and double punishments for an offense and a lesser included offense, which did not occur in the instant case. The jury's inability to reach a verdict on the aggravated assault charge did not invalidate its verdict on the aggravated battery charge.

*Judgment affirmed. Pope and Beasely, JJ., concur.*

DECIDED APRIL 16, 1990.

*Caleb B. Banks*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.