A93A0237. POPE v. THE STATE.
(428 SE2d 439)

McMURRAY, Presiding Judge.

Defendant Pope appeals his conviction of the offense of aggravated assault. *Held:*

The sole enumeration of error alleges a violation of defendant's rights as stated in *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215), in that the trial court refused to order that defendant be permitted to examine the pre-trial statement of a State's witness. "Brady v. Maryland, 373 U. S. 83, 87, [supra] and Moore v. Illinois, 408 U. S. 786 [(92 SC 2562, 33 LE2d 706)] (1972), ruled that due process was violated where the prosecution suppressed requested evidence which was favorable to the accused and material either to guilt or punishment. Our cases require that to prevail on such a point, an appellant must indicate the materiality and the favorable nature of the evidence sought. *Pryor v. State,* 238 Ga. 698, 706 (234 SE2d 918) (1977); *McGuire v. State,* 238 Ga. 247, 248 (232 SE2d 243) (1977); *Wisdom v. State,* 234 Ga. 650, 652 (217 SE2d 244) (1975); *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974)." *Stevens v. State,* 242 Ga. 34, 35 (1), 36 (247 SE2d 838). In the case sub judice, defendant has failed to carry this burden. Indeed, defendant's trial counsel stated that he did not know whether the statement in issue was exculpatory or not. While appellate counsel now contends that the statement at issue was exculpatory, no particulars are provided such as might satisfy defendant's burden. " 'Georgia law does not provide that statements given prior to trial by key prosecution witnesses be generally made available for discovery by the defendant in a criminal case.' *Walter v. State,* 256 Ga. 666, 668 (352 SE2d 570). It is well-recognized that '*Brady* does not require the prosecution to open its files for general inspection by the defense or for pre-trial discovery.' *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30); *Julian v. State,* 134 Ga. App. 592 (3) (215 SE2d 496)." *Boatright v. State,* 192 Ga. App. 112 (2), 113 (385 SE2d 298). Defendant having failed to show any type of *Brady* violation or prejudice arising therefrom, the enumeration of error is without merit. *Cromer v. State,* 253 Ga. 352, 358 (6) (320 SE2d 751); *Brown v. State,* 201 Ga. App. 98 (1) (410 SE2d 196).

*Judgment affirmed. Cooper, J., concurs. Beasley, J., concurs in judgment only.*

DECIDED FEBRUARY 26, 1993.

*Mundy & Gammage, Miles L. Gammage*, for appellant.
*William A. Foster III, District Attorney, Donald N. Wilson, Blanchette C. Holland, Assistant District Attorneys*, for appellee.