A93A1147. MUFF v. THE STATE.
(436 SE2d 47)

POPE, Chief Judge.

Defendant Julius Muff was convicted by a jury of selling cocaine and received a mandatory life sentence due to a prior conviction for possession of cocaine with intent to distribute.

Deputy Charlese Barkley, an undercover agent for the Bibb County Sheriff's Department, testified that she went to 1334 Third Street to purchase crack cocaine. When she arrived, a man without a shirt was on the porch, talking on a cordless phone. He walked down to her car, still talking on the phone, and she let him into the car because it was raining. Barkley waited while he finished his phone conversation. Another man came up to buy cocaine, and Barkley continued to wait while that purchase was completed. She then bought ten pieces of crack cocaine for $10 a piece. The man with the phone then left the car, and Barkley drove off. Within an hour of the purchase, Barkley identified defendant's picture as that of the seller, picking it from a six-photograph lineup. Barkley also identified defendant at trial as the man from whom she bought cocaine.

Defendant presented evidence indicating that Barkley's description of the man who sold cocaine actually fit his brother, who weighed about 20 pounds less than defendant, better than it fit him. Defendant also showed the jury a scar which he argued Barkley should have noticed if he had in fact been the man from whom she bought the cocaine. On rebuttal, however, defendant's brother was brought into the courtroom and Barkley explicitly denied that he was the one who sold her cocaine.

1. Defendant first challenges the sufficiency of the evidence identifying him as the seller of the cocaine. Deputy Barkley identified defendant as the man who sold her the cocaine several times, without hesitation or equivocation, and further stated that defendant's brother was not the seller. Barkley also testified that there was plenty of light at the time of the sale; that she saw the seller well that day;

and that she again saw the seller a couple of days later. Viewing the evidence in the light most favorable to support the verdict, it is sufficient to allow a jury to find that defendant was the man who sold Barkley the cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hill v. State*, 205 Ga. App. 475 (1) (422 SE2d 564) (1992).

2. In his second enumeration of error, defendant argues that his trial counsel was ineffective because he failed to inform the defendant that he faced a mandatory life sentence if he went to trial and was convicted. The State notified defendant of its intent to present a prior conviction for the purpose of sentencing, identifying the conviction by indictment number, court and date. However, the notice indicated the conviction was for possession of cocaine rather than possession with intent to distribute, and defendant's trial counsel accepted this description and advised defendant accordingly. Defendant's trial counsel acknowledged at the sentencing hearing that he had not told his client that he would necessarily face a life sentence if convicted. However, he further stated that because defendant maintained that he was the innocent victim of misidentification, he probably would not have encouraged defendant to accept a plea bargain even if he had been aware of the actual nature of the prior conviction. The trial judge agreed that defendant should not have pled guilty if he maintained his innocence, regardless of what was offered for his plea, and proceeded to sentence defendant to life. This discussion was simply a colloquy between counsel and the judge during the sentencing hearing; however, no evidentiary hearing was held. Trial counsel filed a motion for new trial which was denied. Defendant has new counsel on appeal and raises this ineffective assistance issue here for the first time.

To show ineffective assistance of counsel, defendant must establish both that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See, e.g., *Lloyd v. State*, 258 Ga. 645 (2) (373 SE2d 1) (1988). In *Lloyd*, trial counsel failed to communicate a plea offer to his client, and the terms of that offer were favorable compared to the result of the trial. The Supreme Court stated that a counsel's failure to fully communicate to his client the terms of a plea offer and the consequences of the choices confronting him amounted to "less than reasonably professional assistance." 258 Ga. at 648 (2a). While recognizing that "the consequences of rejecting a guilty plea offer differ substantially from those consequences emanating from entering a guilty plea" on the basis of faulty advice, the Supreme Court held that such a rejection will support a claim of ineffective assistance under proper circumstances. Id. at 646 (2).

"The defendant must further show that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cit.] Logically, such prejudice can only be shown by some indication that the defendant was amenable to the offer made by the state. Several state courts have summarily resolved this by assuming the defendant would accept any plea offer which was favorable when compared to the actual outcome. See for example *Lyles v. Indiana,* [382 NE2d 991 (Ind. App. 1978)]; *People v. Whitfield,* [239 NE2d 850 (Ill. 1968)]; *Hanzelka v. State,* [682 SW2d 385 (Tex. App. 1984)]. Other courts require a showing by the defendant that, prior to verdict, he evidenced an interest in pleading guilty and that he would have accepted the offer had he learned of it. See *Rasmussen v. State,* [658 SW2d 867 (Ark. 1983)]; *United States v. Zelinsky,* [689 F2d 435 (3rd Cir. 1982)]; *Johnson v. Duckworth,* [793 F2d 898 (7th Cir. 1986)]. We prefer to examine the facts of each case and grant relief where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar. Such an inference could be drawn even where the evidence is disputed or unclear on this question." (Footnote omitted.) *Lloyd,* 258 Ga. at 648 (2b).

Although this case involves counsel's failure to advise his client regarding the consequences of rejecting a plea rather than failure to communicate a plea, the *Lloyd* analysis controls our decision. In *Lloyd,* an evidentiary hearing yielded "the unmistakable conclusion that [the defendant] would *not* have accepted or even considered the offer to plead guilty to [a lesser crime]," 258 Ga. at 648-649; thus, counsel's unprofessional error did not affect the result. Here, however, there has been no evidentiary hearing because defendant's first opportunity to raise the issue was on appeal. The proper procedure in such a case is to remand to the trial court for an evidentiary hearing on the issue of ineffective assistance of counsel. See *Lloyd,* 258 Ga. at 645, n. 1; *Weems v. State,* 196 Ga. App. 429 (3) (395 SE2d 863) (1990). We therefore remand to allow the trial court to hear evidence and make appropriate findings regarding whether it may be inferred that defendant would have accepted any offers the State made or something similar.

*Judgment affirmed and case remanded with direction. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1993.

*L. Elizabeth Lane,* for appellant.
*Willis B. Sparks III, District Attorney, R. Jeffrey Lasseter,*

*Thomas J. Matthews, Assistant District Attorneys,* for appellee.