A96A1715. LEE v. THE STATE.
(477 SE2d 872)

Judge Harold R. Banke.

Tydeous Lee a/k/a Tydeous Booker was convicted of the sale of cocaine. On appeal, Lee enumerates three errors all of which challenge the trial court's evidentiary rulings.

On appeal, the evidence must be viewed in the light most favorable to the verdict. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows. A videotape depicted Lee's hand-to-hand sale of a substance to Detective Jane Kenny. In exchange for $20, the undercover officer received a pinkish, red-colored ziplock bag directly from Lee. Kenny identified Lee as the person who approached her vehicle and identified the ziplock bag as the one she purchased from Lee. Although Lee admitted that he was the person appearing on the videotape, he denied that the substance sold was cocaine. Lee's chief defense was that he duped the undercover agent into purchasing a counterfeit substance consisting of baking soda, wax, and Orajel. The GBI forensic scientist's determination that the ziplock bag contained cocaine was admitted via his affidavit. Under cross-examination, Lee admitted that by selling the counterfeit substance he defrauded the agent and lied to her. The State contended that by so testifying, Lee opened the door to the State's introduction of character evidence. Over objection, the State introduced certified copies of Lee's three prior convictions for the sale of cocaine and Lee's two prior convictions for possession of cocaine. *Held*:

1. The trial court erred by permitting an undercover agent to testify over objection after being administered an oath that did not substantially comply with OCGA § 17-8-52 because it failed to state the

defendant's name and to specify the criminal charge.[1] The statutory language is mandatory, not permissive. OCGA § 17-8-52. See *Ashburn v. State*, 15 Ga. 246; *State v. Williams*, 181 Ga. App. 204 (351 SE2d 727) (1986) (dismissal of perjury counts affirmed where .defendant not administered lawful oath in grand jury proceeding). The State's failure to administer the statutory oath to Kenny was not a minor deviation as the oath given was materially different in both form and substance from the requisite statutory oath. Compare *Elam v. State*, 211 Ga. App. 739, 740 (2) (440 SE2d 511) (1994); see *Kirkland v. State*, 140 Ga. App. 197, 198 (1) (230 SE2d 347) (1976).

Having found error, we must determine whether it was sufficiently harmful to warrant reversal. *Durham v. State*, 129 Ga. App. 5, 6 (198 SE2d 387) (1973). It is difficult to imagine an error more harmless because the jury, the court, and the witness knew the name of the defendant as well as the criminal charge pending. Even excluding Kenny's testimony as inadmissible, the remaining State's evidence was overwhelming beyond a reasonable doubt. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38) (1988). The videotape admitted without objection depicted Lee selling a substance to the undercover agent for $20. Lee failed to object to the general oath administered to Investigator David Hannah, who identified the pinkish, red-colored ziplock bag as the one he logged, labeled, and transported to the crime lab. *Joseph v. State*, 149 Ga. App. 296 (1) (254 SE2d 383) (1979). Through Hannah's testimony the State introduced the incriminating forensic report from the GBI showing that the substance in the ziplock bag tested positive for cocaine. Given the overwhelming, unquestionably admissible evidence, Lee failed to prove the requisite harm. *Palmer*, 186 Ga. App. at 897.

2. Lee waived his challenge to the admission of the certified copy of the crime lab report. After the State notified Lee of its intent to use the certified report as permitted by OCGA § 35-3-16 (c), Lee had ten days to object to the report's admission and state his grounds. Lee's failure to do so waived any objection to the certificate's admission.[2] OCGA § 35-3-16 (c).

3. The trial court erred in admitting certified copies of Lee's prior convictions in evidence because Lee's testimony did not place his character in issue. Given the overwhelming evidence of Lee's guilt, the error does not mandate reversal because it is highly probable that it did not contribute to the guilty verdict. *Wheat v. State*, 205 Ga.

---

[1] The State administered the following: "Do you swear or affirm that the testimony you're about to present in the matter now pending before the jury shall be the truth, the whole truth, and nothing but the truth, so help you God."

[2] Lee objected on the basis that the certificate tendered at trial was not fully executed and lacked the requisite jurat.

App. 388, 389 (2) (422 SE2d 559) (1992). Compare *Beasley v. State*, 204 Ga. App. 214, 218 (3) (419 SE2d 92) (1992). The evidence was sufficient to enable a reasonable trier of fact to find Lee guilty of the sale of cocaine beyond a reasonable doubt, even excluding the evidence of prior convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 1, 1996.

*Richard W. Voss*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.