A97A0835. JONES v. THE STATE.
A97A0836. WALKER v. THE STATE.
(484 SE2d 702)

ELDRIDGE, Judge.

A Butts County jury found appellants Lenton Jones and Louis Walker guilty of the offenses of possession of heroin and possession of cocaine with intent to distribute. The record demonstrates that the verdict arose from the following set of facts:

During a routine traffic patrol on the I-75 corridor near exit 66, a Butts County deputy sheriff spotted a red Pontiac Sunfire traveling at a high rate of speed in the far left "fast" lane of the three northbound lanes. When the Pontiac passed the marked patrol car parked in the median, it immediately slowed down and swerved across two lanes in order to enter into the stream of traffic in the far right "slow" lane; this maneuver forced several vehicles, which had been traveling in these other lanes, to brake sharply in order to avoid hitting the Pontiac. The sheriff activated his vehicle's blue lights and caught up with the Pontiac just over the Henry County line.

Jones was driving the car, and Walker was in the front passenger seat. Jones immediately informed the officer that his driver's license was suspended; Walker, who was breathing heavily and

would not make eye contact with the deputy sheriff, stated that he did not have a license either. Upon request, both men exited the vehicle; Walker gave the deputy sheriff the rental contract for the Pontiac. Neither Jones nor Walker was listed on the rental agreement, and neither man could tell the deputy who had rented the car. When asked where they were going, neither Jones nor Walker knew; they told the deputy that they were from Miami and were following a truck; they could not tell the deputy any destination other than somewhere in Atlanta; and they stated that they were to call a telephone number upon reaching the city. Neither Jones nor Walker could produce the telephone number.

The deputy asked for permission to search the vehicle; the men consented to the search. Both men appeared "nervous." Prior to the search of the vehicle, the officer conducted a "walk around" of the vehicle, utilizing a drug dog which traveled with the deputy; the dog "alerted" on the car trunk, indicating that drugs were present therein. The officer searched the trunk, which contained a deodorant can with a false bottom. The false bottom had sprung open, and a single ziplock bag had fallen out. The bag appeared to contain crack cocaine. Inside the deodorant can were four additional ziplock bags of suspected crack and several plastic bags which held 239 individual caplets containing white powder.

Jones and Walker were arrested. A small glass tube, charred on one end, was found above the driver's side visor during a later search of the vehicle. Pursuant to lab analysis, the deodorant can was determined to contain 2.8 grams of cocaine and 32 grams of heroin; the tube was not analyzed. Neither Jones nor Walker testified at trial or offered evidence.

## Case Nos. A97A0835 and A97A0836

1. Both appellants challenge the sufficiency of the evidence to support the jury's verdicts and, for the same enumerated reasons, contend that the trial court erred in denying their motions for directed verdicts. Appellant Jones argues that the state failed to prove that they were in possession of the drugs since the drugs were found alone in the trunk, appellants' belongings were in the back seat, and there was no evidence to show any connection between appellants and the contraband except "spacial proximity" to the drugs. Appellant Walker argues that the state proved only that he was "merely a passenger." We disagree with both appellants' assertions.

"[C]riminal intent may be inferred from conduct before, during and after the commission of the crime." *Gaskin v. State*, 221 Ga. App. 142, 143 (470 SE2d 531) (1996). As the driver of the Pontiac, the

record amply demonstrates appellant Jones' evasive conduct upon spotting the deputy sheriff's patrol car. The record shows both appellants' nervous demeanor after the stop. Far from being "merely a passenger," appellant Walker was breathing heavily and refused to make eye contact with the deputy; Walker never disavowed to the deputy his association with Jones, with whom he was traveling from Miami; and Walker had possession of the rental contract, which contract listed neither appellant as an approved driver. From their conduct, a jury could conclude that appellants had something to hide, and that the "something" was the drugs in the trunk of the car.

Further, the evidence demonstrates that both appellants told the deputy the same story: that they were following a truck from Miami to Atlanta where they would call their contact. However, neither appellant could state where they were going in Atlanta, who had rented the car in which they were traveling, nor the telephone number of their purported contact in Atlanta which was, ostensibly, their only way to communicate with the contact. From this evidence, a jury would be permitted to make a credibility determination that appellants were displaying a lack of candor commensurate with a less than legitimate purpose for their trip, i.e., transportation of drugs to Atlanta for sale purposes.

In addition, the thin glass tube found above the driver's side visor was charred on one end, and the jury could conclude that it was utilized for smoking crack cocaine, such as that found in the trunk of the Pontiac.

We will not weigh this evidence; such task is properly left to the jury. *Sheats v. State*, 210 Ga. App. 622, 623 (436 SE2d 796) (1993). Suffice it to say, we find that "spacial proximity" was not the only evidence that demonstrated a connection between appellants and the drugs in the trunk of the rental car, and sufficient evidence was presented to show that appellant Walker was more than "merely a passenger." Accordingly, the trial court did not err in denying appellants' motions for directed verdicts thereby permitting the case to go to the jury. Moreover, a rational trier of fact could have determined that appellants jointly possessed the drugs in the trunk of the vehicle and thus were guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Chitwood v. State*, 166 Ga. App. 62 (303 SE2d 307) (1983).

2. Both appellants argue that the denial of their joint motion to suppress was error. Appellant Jones contends that the deputy sheriff's "extra-territorial" stop of appellants' vehicle was unauthorized and constituted an illegal stop. Appellant Walker adds that the deputy lacked "probable cause" to stop the vehicle since the only reason given for the stop was a "very vague 'lane violation.' "

However, at trial appellants challenged only the search of the

vehicle, not the stop; appellants argued that the search was unsupported by probable cause and was conducted absent consent from either Jones or Walker. The trial court ruled on the issue of probable cause to search as it was raised below. Appellants never argued that there was no reasonable, articulable suspicion to make the stop, itself, or questioned the Butts County deputy's authority to make the "extra-territorial" stop in Henry County. Thus, the trial court was never called upon to make a ruling on the grounds now argued by appellants before this Court. "It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial." *Simms v. State*, 223 Ga. App. 330, 332 (1) (477 SE2d 628) (1996). This allegation of error is waived.

3. Both appellants contend that the trial court's charge to the jury was reversible error. Appellant Jones claims as error the trial court's failure to give his request to charge on "knowledge." Appellant Walker assigns error to the trial court's failure to charge the jury on "mere presence" and "equal access."

There was no error in the trial court's refusal to give appellant Jones' Request to Charge No. 2 on "knowledge." This charge, unsupported by citation of law, was amply covered by the trial court's charge on the state's burden of proof, on possession, and on criminal intent. "It is not necessary that the jury be given the exact language requested where the same principles fairly are given to the jury in the general charge." (Citations and punctuation omitted.) *Trotter v. State*, 216 Ga. App. 612, 614 (3) (455 SE2d 121) (1995). Likewise, there was no error in refusing to give appellant Walker's request to charge on "mere presence." The trial court charged the jury on the state's burden to prove each element of the offense as charged, the law on sole and joint possession, the law regarding mere suspicion, and the maxim that mere spatial proximity to contraband is inadequate to demonstrate guilt. This was sufficient to cover the principles of law contained in appellant's "mere presence" charge. *Ancrum v. State*, 197 Ga. App. 819, 821 (399 SE2d 574) (1990). Further, contrary to appellant Walker's assertions, the trial court did charge the jury on "equal access." This enumeration of error is without merit.

### Case No. A97A0836

4. Appellant Walker alleges that the denial of his motion to sever was error. In support thereof before this Court, appellant reiterates his argument in Division 1 of this opinion, that he was a "mere passenger." In his written motion to sever before the trial court, appellant contended only that "his defense and testimony will be in conflict with that of his Co-Defendant, Lenton Jones." "The defendant

seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process. The fact of antagonistic defenses does not of itself require severance, and [Walker] has not demonstrated any clear prejudice and denial of due process which might have been avoided by severing the trials." (Citations and punctuation omitted.) *Evans v. State*, 183 Ga. App. 436, 437 (359 SE2d 174) (1987).

5. Appellant Walker next contends that the trial court erred in overruling his objection to prejudicial testimony concerning a "crack pipe" that the deputy sheriff found during the search of the vehicle; appellant asserts that he was not provided with "notice" of a crack pipe pursuant to his discovery motion.

The deputy properly testified as to what he found in the vehicle, and the trial court properly sustained the appellant's objection to the extent that the glass tube found by the deputy should not be referred to as a "crack pipe," until a proper foundation was laid. No motion for mistrial was made, and no curative instructions were requested. Accordingly, we find no error. *Reddin v. State*, 223 Ga. App. 148, 153 (476 SE2d 882) (1996); *Harris v. State*, 202 Ga. App. 618, 619 (414 SE2d 919) (1992).

With regard to his allegations concerning a discovery violation, appellant's motion for discovery was filed under those provisions applicable prior to the enactment of the "new discovery act," OCGA § 17-16-1 et seq. The glass tube about which he complains was not tested, was not tendered, and appellant was not charged with its possession. Appellant fails to provide this Court, either factually or by way of legal authority, with any basis for the reversal of his conviction for failure to notify the appellant about the glass tube. Further, appellant has "failed to show any type of *Brady* violation or prejudice arising therefrom." *Pope v. State*, 207 Ga. App. 543 (428 SE2d 439) (1993). This enumeration of error is without merit.

### Case No. A97A0835

6. Appellant Jones raises a constitutional challenge to the admissibility of a Certificate of Drug Analysis, state's Exhibit 4, pursuant to OCGA § 35-3-16. At trial, the court asked for objections to the admissibility of state's Exhibits 2, 3, and 4. After an answer from his co-defendant's attorney and reply by the state, appellant's counsel stated, "No objections on behalf of Mr. Jones, your honor." We find this statement sufficient to waive any constitutional challenge to the admissibility of the certificate, appellant's arguments to the contrary notwithstanding. *Shirley v. State*, 254 Ga. 723 (334 SE2d 154) (1985); *Arp v. State*, 249 Ga. 403 (1) (291 SE2d 495) (1982); see also *Lee v.*

*State*, 223 Ga. App. 438, 439 (2) (477 SE2d 872) (1996).

7. Finally, appellant Jones assigns error to the trial court's denial of his motion for new trial "[f]or all the reasons set forth in the enumerations." Therefore, for all the reasons set forth herein, we find this assertion to be meritless.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 11, 1997 —
RECONSIDERATION DENIED MARCH 24, 1997 — 

*Hemmann & Hemmann, Paul E. Hemmann*, for appellant (case no. A97A0835).

*William A. Fears*, for appellant (case no. A97A0836).

*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.