## A97A0519. BELL v. THE STATE.
(486 SE2d 422)

RUFFIN, Judge.

Kenneth Bell was indicted on one count each of aggravated assault on a peace officer, possession of cocaine, and violation of the Habitual Violator Act (OCGA § 40-5-58). A jury found Bell guilty of aggravated assault on a peace officer and being an habitual violator and acquitted him of possession of cocaine. Bell appeals, enumerating 22 errors concerning (1) the sufficiency of the evidence, (2) the court's charge, (3) the failure to administer an oath prior to testifying, (4) the effectiveness of trial counsel, and (5) various other rulings by the court. For reasons which follow, we affirm.

1. Bell challenges the sufficiency of the evidence on his conviction for aggravated assault on a peace officer.

Viewed in the light most favorable to support the verdict, the evidence shows that Bell was the subject of a reverse sting operation to apprehend individuals soliciting drugs in a known drug area. On the evening of the operation, Bell drove the cab to his semi tractor truck up to undercover police officers Rogers, Edge and Thomas, who were part of the operation. Sheila Johnson was a passenger in Bell's truck. Both windows to the truck were down, and officers Edge and Rogers asked Bell what he needed. According to Officer Rogers, Bell responded that he wanted to "get a dime rock[,]" which Rogers explained was a $10 piece of crack cocaine. Officer Rogers stepped up onto the truck's platform, gave Bell a piece of crack cocaine, and Bell handed him $10.

Immediately following the exchange, all three officers pulled out their badges, identified themselves as police officers, and instructed Bell and Johnson to exit the truck. Officer Rogers testified that he placed his badge "a matter of inches" from Bell's face. Bell ignored the officers' instructions and began driving away. Bell continued to drive away as a fourth officer jumped in front of the truck, identified himself as a police officer, and shouted for Bell to stop the truck.

Officer Rogers remained on the truck's platform and shouted for Bell to stop as Bell sped away. Rogers testified that Bell was driving at a high rate of speed, swerving from side to side and into oncoming traffic, and that Bell's driving caused him to fear for his life. Meanwhile, two officers in a marked patrol car pursued Bell with their siren and blue lights operating and eventually boxed him in at a nearby service station. After a struggle, Bell was taken into custody.

Bell testified that he never saw the officers' badges and that he thought the officers were drug dealers who were trying to rob or kill him. Bell justified his erratic and perilous driving by stating that he "wanted to get to a public place where people was [sic]." He contends on appeal that the evidence was insufficient because Officer Rogers

presented conflicting testimony. We disagree.

" 'On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve.' " *Porter v. State*, 224 Ga. App. 276, 279 (2) (480 SE2d 291) (1997). The evidence presented in this case was sufficient for a rational trier of fact to find Bell guilty beyond a reasonable doubt of aggravated assault on a peace officer. See *Jackson v. Virginia*, supra; *Butler v. State*, 196 Ga. App. 706 (1) (a) (396 SE2d 916) (1990).

2. Bell asserts that the trial court erred in allowing Officer Rogers to demonstrate for the jury how he held his badge to identify himself to Bell. Bell argues that the demonstration "served only to mislead and confuse the jury. . . ." We disagree.

"Questions of the relevancy of evidence are for the court[,] . . . [and] it is within the sound discretion of the trial court to permit or refuse a demonstration." *Burns v. State*, 166 Ga. App. 766, 770 (6) (305 SE2d 398) (1983). In this case, Bell denied he ever saw the undercover officers display their badges to identify themselves. Accordingly, the demonstration was relevant to the issue raised by Bell of whether and how the officers displayed their badges. Under these circumstances, the trial court did not abuse its discretion in allowing the in-court demonstration. See id.; *Willis v. State*, 202 Ga. App. 447 (1) (414 SE2d 681) (1992).

3. Bell asserts that the trial court erred by instructing him, in the presence of the jury, that he was not obligated to testify. However, "[t]he statutory prohibitions upon comment on the defendant's failure to testify [cit.], are applicable only where the defendant fails to testify." *Gosha v. State*, 239 Ga. 37, 38 (235 SE2d 527) (1977). Because Bell testified in this case, we find no error. See id.

4. In two enumerations of error, Bell asserts that the trial court erred by allowing him to testify without being sworn in as a witness. The record does not reveal why no oath was administered and is similarly devoid of any discussion or argument concerning the failure.

OCGA § 24-9-20 (b) provides in part that "[i]f a defendant testifies, he shall be sworn as any other witness. . . ." " 'In this State an oath or affirmation is required of all witnesses, and unsworn statements are not treated as amounting to any evidence, except "in specified cases of necessity." ' [Cit.]" *Belcher v. State*, 173 Ga. App. 509 (1) (326 SE2d 857) (1985). It is clear that Bell should not have testified without being under oath. See *Lee v. State*, 223 Ga. App. 438 (1) (477

SE2d 872) (1996).

However, "[h]arm as well as error must be shown *affirmatively* by the record to authorize a reversal. [Bell's contention that the jurors discredited his testimony] is mere speculation and conjecture unsupported by the record." (Citations and punctuation omitted; emphasis supplied.) *Kennedy v. State*, 205 Ga. App. 152, 155 (4) (421 SE2d 560) (1992). The fact that the jury acquitted Bell of possession of cocaine shows that the jury did not give the lack of oath any consideration. Accordingly, because Bell has not shown that he was harmed, the error does not require a new trial. See id.; *Lee*, supra.

5. Bell asserts the trial court erred in failing to declare a mistrial after it discovered that, during a break, three jurors may have had a conversation with his mother, who was not a witness. The transcript shows that a group of jurors and the mother were standing on the courthouse steps smoking cigarettes when the purported conversation took place. The transcript further shows that the trial judge questioned both the mother and the three jurors separately concerning what they were talking about. The mother explained that they were only talking about cigarettes. The first juror stated that although she was present, the mother did not say anything to her but merely "came up and dunked her cigarette." The second juror stated that "[i]t didn't dawn on me who she was, and I walked up to her and I said, I thought I'd smoke one because we might be all afternoon, you know, without a cigarette, so." The trial judge then asked the second juror whether anything happened that would affect his verdict, and the juror responded "[n]o." The third juror denied that he said or heard anything and was only talking to another juror. Under these circumstances, we are satisfied that Bell was not injured by the "conversation" between the second juror and his mother. See *Whitlock v. State*, 230 Ga. 700 (1) (198 SE2d 865) (1973).

6. Bell asserts that the trial court erred in failing to charge the jury on mistake of fact, even though he did not request such a charge. We disagree.

Bell testified that his perilous driving was in self-defense from drug dealers who he thought were trying to kill or rob him. He further maintained in his appellate brief that the evidence showed his actions were justified. The transcript shows that the trial court charged the jury on the defenses of justification and self-defense. Under such circumstances, mistake was not Bell's sole defense, and the trial court's failure to give the charge was not error. See *Collier v. State*, 195 Ga. App. 380 (2) (393 SE2d 509) (1990).

7. In 15 enumerations of error, Bell asserts he was denied effective assistance of trial counsel. We disagree.

A defendant seeking to show that his counsel was ineffective must show that: 1) " 'trial counsel's performance was deficient in that

he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; [and] 2) . . . the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. (Cit.)' [Cit.]" *Hearst v. State*, 212 Ga. App. 492, 494 (2) (b) (441 SE2d 914) (1994). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Citations and punctuation omitted.) Id.

(a) In six enumerations of error, Bell asserts that trial counsel was ineffective because he allowed Bell to testify without taking an oath and failed to request a jury instruction concerning the matter. We concluded in Division 4, however, that even though the failure to administer an oath was error, under the circumstances of this case Bell did not show it was harmful. Accordingly, we conclude here that it does not appear from the record that counsel's deficient performance in this instance so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. See *Hearst*, supra.

(b) We similarly find no merit in Bell's assertion that trial counsel was ineffective for failing to request a charge on mistake. As we held in Division 6, the failure to give the charge, even if requested, would not have resulted in reversible error. Accordingly, trial counsel's failure to request the charge did not constitute ineffective assistance. See *Collier*, supra; *Hearst*, supra.

(c) Bell asserts trial counsel was ineffective because he failed to request jury charges on lesser included offenses of the aggravated assault charge. At the hearing on Bell's motion for new trial, Bell's trial counsel testified that he fully explained to Bell the lesser included offense charges, that he made sure Bell understood the significance of such charges, and that Bell decided he wanted to pursue an "all or nothing" strategy. Such conduct does not amount to ineffective assistance of counsel. Rather, the hearing transcript establishes that the lesser included offense charges were declined pursuant to an informed strategic choice by trial counsel which comported with Bell's strong feelings about pursuing an all or nothing defense. See *Van Alstine v. State*, 263 Ga. 1, 4-5 (426 SE2d 360) (1993).

(d) Trial counsel was not ineffective because "he failed to ensure that the trial court distinctly include a statement in the charges to the jury that 'if the defendant was justified in his acts it was their duty to acquit.' " As we stated in Division 6, the trial court instructed the jury on the defense of justification. That charge "adequately cov-

ered justification and the State's burden of proof." *Coleman v. State*, 264 Ga. 253, 254 (3) (443 SE2d 626) (1994). Moreover, the trial court was not required to charge the jurors that they had a "duty." to acquit if they found Bell was justified in his actions. Id.

(e) Bell asserts trial counsel was ineffective in failing to submit any written requests to charge or properly reserve objection to the court's charge. In the immediately preceding subdivisions, however, we addressed the only specific instructions which Bell argued should have been given. We concluded that the failure to request those specific charges did not render counsel's performance ineffective. Inasmuch as Bell has cited no additional requests or objections that counsel should have raised, he has not shown how he was harmed by the deficiency. Accordingly, we find no error. See *Hearst*, supra; *Peterson v. State*, 212 Ga. App. 147, 152 (4) (441 SE2d 481) (1994) (physical precedent only).

(f) Bell asserts that trial counsel was ineffective because he failed to retain an expert witness to testify concerning Bell's state of mind at the time the officers identified themselves. According to Bell, such testimony would have shown that he was justified in believing the officers were actually drug dealers and not police officers. However, such is not a proper use of expert testimony. Whether Bell reasonably believed the officers were drug dealers and not officers is an issue the jurors properly resolve on their own. See *Palmer v. State*, 186 Ga. App. 892, 899 (4) (369 SE2d 38) (1988). Accordingly, counsel's failure to present such expert testimony did not constitute ineffective assistance. See *Hearst*, supra.

(g) Bell asserts that trial counsel was ineffective because he failed to object to Officer Rogers' demonstration of how he displayed his badge to identify himself as a police officer. Because we concluded in Division 2 that the demonstration was relevant to show what measures the officer took to identify himself, we cannot conclude that trial counsel's failure to object constituted ineffective assistance. See *Hearst*, supra.

(h) Bell's remaining two enumerations of error are similarly without merit. We ruled in Division 3 that the trial court did not err by instructing Bell, in the presence of the jury, that he was not obligated to testify. Furthermore, in Division 5 we held that the trial court did not err in refusing to grant a mistrial due to a purported conversation between three jurors and Bell's mother. Accordingly, counsel's failure to request a mistrial in either instance did not constitute ineffective assistance of counsel. See *Hearst*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED APRIL 28, 1997 —

Before Judge Culpepper.

*William D. Phillips*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Laura D. Hogue, Assistant District Attorneys*, for appellee.