### A97A2423. NEALY v. THE STATE.
(498 SE2d 119)

SMITH, Judge.

Willie George Nealy was indicted by a Monroe County grand jury on one count of sale of cocaine. He was convicted by a jury, his motion for new trial was denied, and he appeals. We find no error and affirm.

1. Nealy asserts the general grounds. Construed to support the verdict, the evidence shows that officers of the Monroe-Forsyth narcotics task force organized an undercover surveillance operation at an apartment complex. The manager of the apartments gave the narcotics task force access to a vacant apartment, and officers conducted surveillance from that site using "very powerful binoculars" and electronic equipment. They observed Nealy standing in the parking lot with another individual known as "Little Ed." A truck pulled into the parking lot, Nealy approached the truck, and one of the officers testified that they saw him display "a handful of what we call crack rocks" to the driver of the car. Nealy handed three or four rocks to the

driver, and the driver gave Nealy some money. The officers gave this information to the "take-down units," and the truck was stopped and searched. Four rocks of crack cocaine were found inside a work glove in the glove compartment. Nealy was arrested later in the day; the arresting officer found no drugs but found $194 in his pants pocket. The chemical analysis of the rock cocaine was tendered by certificate pursuant to OCGA § 35-3-16 (b).

This evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offense as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Perry v. State*, 214 Ga. App. 444, 446 (4) (448 SE2d 74) (1994) (appellant observed selling drugs by surveillance team; cash but no drugs found on appellant when arrested).

2. Nealy asserts that the admission of a certificate of drug analysis in lieu of a live witness pursuant to OCGA § 35-3-16 (b) was error, citing *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996). In that decision, the Supreme Court held this Code section unconstitutional because it violated criminal defendants' right of confrontation. But here, in response to the trial court's inquiry, Nealy expressly stated that he had no objection to the certificate's admission.[1] Under these circumstances, Nealy has waived any objection to the admission of the certificate. *Jones v. State*, 225 Ga. App. 673, 677-678 (6) (484 SE2d 702) (1997); *In the Interest of D. L. S.*, 224 Ga. App. 660, 661 (2) (482 SE2d 418) (1997); *Lee v. State*, 223 Ga. App. 438, 439 (2) (477 SE2d 872) (1996).

3. During deliberations, the jury foreman sent a note to the trial court asking, "Was there evidence of cocaine deposits in Ne[a]ly's pocket at the time of arrest?" The trial court called in the jury and stated, "Having discussed it with counsel, the court's answer is this question cannot be answered by the court, the jury must remember. I'm very sorry." Nealy objected on the ground that "they should be told that the jury should look to the evidence to determine if that question was answered or not by the witnesses and evidence presented in the case."

On appeal, Nealy contends for the first time that this note from the jury was "tantamount" to a request for a recharge on the law. But he did not reserve the right to object to the charges until motion for new trial or appeal; he objected on grounds that did not include the error enumerated here. Nealy therefore waived the objection to the

---

[1] The trial court inquired if there was "a substitute report from the crime lab." The prosecutor responded, "Yes, I have a report and a certificate attached to it." The court asked, "Is there any objection to that, [counsel]," and defense counsel responded, "No, your honor." The trial court then instructed the jury regarding the Code section and the substitution of a report in lieu of a live witness.

charge made on appeal. *Whatley v. State*, 196 Ga. App. 73, 76 (2) (395 SE2d 582) (1990).

But even assuming that Nealy successfully preserved this objection for appellate review, it has no merit. The trial court is forbidden to express or intimate an opinion as to what has or has not been proved by the evidence. OCGA § 17-8-57. Moreover, the jury's question clearly and expressly inquired after evidence of a fact: whether cocaine residue was found in Nealy's pocket. It was not, as Nealy contends, a request for instruction on the law. It was proper for the trial court to instruct the jury that they must remember the evidence. *Williams v. State*, 146 Ga. App. 543, 544 (246 SE2d 729) (1978). "Telling the jury to remember what the evidence was, when the jurors have a question relating to that, is one thing; telling the jury to reconstruct in their minds what the judge charged as to the legal principles to be applied to the facts as they found them from the evidence, is quite another." *Brown v. City of Fitzgerald*, 177 Ga. App. 859, 861 (1) (341 SE2d 476) (1986). The trial court did not err in its reply to the jury's question.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1998.

*Thomas J. Barrett, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.