## A99A0349. WALLACE v. THE STATE.
### (517 SE2d 801)

SMITH, Judge.

Tony Wallace was convicted on two counts of sale of cocaine. His motion for new trial, as amended, was denied, and he appeals. We find no reversible error, and we affirm.

Evidence was presented at trial that with the assistance of a confidential informant, on April 11, 1994, GBI agent Benjamin Collins twice bought from Wallace quantities of a substance he suspected to be cocaine. The State introduced, and the trial court admitted, two certificates of drug analysis issued pursuant to OCGA § 35-3-16 (b), showing that the substances tested positive for cocaine. Wallace did not object to the admission of this evidence. After Wallace was convicted, the Supreme Court in *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996), ruled that OCGA § 35-3-16 was unconstitutional because it contravened "the defendant's constitutional guaranty that he be confronted with the witnesses against him and be permitted to cross-

examine them." Id. at 856 (7).

1. Wallace argues that under *Miller*, the trial court erred in admitting the certificates and that without the certificates, the State did not present sufficient evidence to allow a rational trier of fact to convict him under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We do not agree that reversal is required. Wallace did not object at or before trial to the admission of the certificates, although the State filed a pre-trial notice of intent to submit the certificates as evidence, as required by OCGA § 35-3-16, still in effect at the time. See *Miller*, supra at 852 (1) (discussing requirement that State serve notice of intent). He therefore has waived further objection. See, e.g., *Nealy v. State*, 230 Ga. App. 747, 748 (2) (498 SE2d 119) (1998); *Jones v. State*, 225 Ga. App. 673, 677-678 (6) (484 SE2d 702) (1997). Moreover, although Wallace did object to the certificates on constitutional grounds during the hearing on his motion for new trial, this objection was not timely. See *Hilson v. State*, 204 Ga. App. 200, 203 (2) (418 SE2d 784) (1992). Wallace consequently waived appellate review of any constitutional issue. Id.

We note Wallace's argument that admission of the drug certificates was plain error, excusing his failure to object to the admission of the certificates. But admission of the certificates, which occurred before the Supreme Court decided *Miller*, supra, was not "plain error," as OCGA § 35-3-16 clearly permitted their admission. The trial court properly admitted the certificates of drug analysis, and this evidence, along with Agent Collins's testimony showing Wallace's involvement in the drug sales, was sufficient to authorize the jury to convict Wallace under the standard of *Jackson v. Virginia*, supra.

2. Wallace also contends that his trial attorney's failure to object to the drug certificates constituted ineffective assistance of counsel. We do not agree. To succeed on an ineffectiveness claim, a defendant must show that his trial counsel's performance was ineffective and that, but for this deficiency, a reasonable probability exists that the trial's result would have been different. See, e.g., *Scott v. State*, 234 Ga. App. 378, 379 (2) (506 SE2d 880) (1998). Wallace has failed to show that his trial counsel's performance was deficient. First, it appears that trial counsel's failure to object to the certificates may have been merely an issue of trial strategy: his decision to present Wallace's defense of misidentification rather than defend the case by attacking the certificates.[1] And trial tactics or strategy does not constitute ineffectiveness. Id. More importantly, as discussed above,

---

[1] Wallace claimed he was caring for his grandmother on the day of the incident and that he did not match the description given at trial by Agent Collins.

admission of certificates of drug analysis was clearly provided for by OCGA § 35-3-16. See also *Miller*, supra.

3. Relying in large part on *Muff v. State*, 210 Ga. App. 309 (436 SE2d 47) (1993), Wallace contends that he was denied effective assistance because his trial counsel failed to notify him of the State's intention to introduce evidence in aggravation of his sentence. He claims that had he known this fact, he would have considered entering a guilty plea.

After the jury found Wallace guilty, the State informed the trial court that Wallace had four previous felony convictions. Trial counsel stated that he had received the State's notice of intent to introduce the convictions. The trial court concluded that it must sentence Wallace to the maximum penalty because he was a recidivist and sentenced Wallace on each count to 30 years. During his motion for new trial, Wallace testified that his trial counsel never informed him of the State's intention to introduce these convictions. He also stated that if he had been aware of this fact, he might have taken "a plea for a lesser charge, a lesser sentence."

Although Wallace's testimony is unrebutted that his counsel failed to advise him of the State's intent to introduce the convictions, we do not agree with Wallace that reversal is required under *Muff*, supra. In *Muff*, this court considered the issue of whether trial counsel's failure to advise appellant concerning the consequences of rejecting a plea constituted ineffective assistance of counsel. This court, however, did not reach the issue of whether appellant was denied effective assistance. Relying on *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988), we remanded the case for an evidentiary hearing on appellant's ineffectiveness claim, because no such hearing had occurred in the trial court. *Muff*, supra at 311. In *Lloyd*, the Supreme Court stated that it would grant relief on an ineffectiveness claim "where there is at least an inference from the evidence that the defendant would have accepted the [plea] offer as made or something similar." Id. at 648 (2) (b). A plea offer was made but not communicated to appellant in that case, but the Supreme Court affirmed the trial court's conclusion that trial counsel was "reasonably effective," id. at 649, on the ground that no inference existed that appellant would have accepted any plea offer.[2]

This case is distinguished on its facts from both *Lloyd* and *Muff*. *Lloyd* involved counsel's failure to communicate a plea offer, and *Muff* addressed counsel's failure to advise the defendant of the consequences of rejecting such an offer. This case involves the failure to

---

[2] In fact, the Supreme Court found that appellant's "remand hearing yielded . . . the unmistakable conclusion that [appellant] would *not* have accepted or even considered" the State's plea offer." Id. at 648-649.

communicate to Wallace the State's notice that it intended to use prior crimes in aggravation of sentence. Even assuming this was deficient, Wallace has not met his burden of showing a reasonable probability that the outcome of his case would have been different. Assuming that Wallace might have considered accepting an offer, he has not shown the existence of any offer to be accepted; Wallace has not shown that the State made or was amenable to any plea negotiations. The trial court did not err in denying his motion for new trial on ineffectiveness grounds.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED MAY 12, 1999.

*Westmoreland, Patterson & Moseley, John L. Strauss,* for appellant.

*Tommy K. Floyd, District Attorney, Gail M. Travillian, James L. Wright III, Assistant District Attorneys,* for appellee.