## A01A1285. AVANS v. THE STATE.
(554 SE2d 766)

SMITH, Presiding Judge.

Gary C. Avans II appeals his conviction for DUI after a jury trial and the denial of his motion for new trial. In his sole enumeration of error, he contends his trial counsel was ineffective in failing to engage in plea bargaining with the State and in failing to advise him of the probable outcome of the trial. We find no reversible error, and we affirm.

> To establish ineffectiveness, a defendant must prove that trial counsel's performance was deficient and but for the deficiency a reasonable probability existed that the result of the trial would have been different. An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment.

(Citations omitted.) *Mathis v. State*, 238 Ga. App. 218, 221-222 (6) (517 SE2d 578) (1999). In this case, Avans has shown neither that his trial counsel was deficient nor that the outcome of the trial would have been different but for counsel's alleged errors.

Avans relies upon *Muff v. State*, 210 Ga. App. 309 (436 SE2d 47) (1993), in support of his argument that counsel's failure to engage in plea negotiations with the State was reversible error. But *Muff*, as well as *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988), on which it relied, addressed circumstances in which a plea offer was actually made by the State. In *Lloyd*, the Supreme Court held that failure to communicate a plea offer to the defendant and advise the defendant of the consequences of his or her choices amounts to "less than reasonably professional assistance." (Footnote omitted.) Id. at 648 (2) (a). When "there is at least an inference from the evidence that the defendant would have accepted" a plea offer made by the State "or something similar," prejudice is shown, and failure of counsel to advise the defendant of such an offer constitutes ineffective assistance of counsel. (Footnote omitted.) Id. at 648 (2) (b). Because no inference existed that the defendant in *Lloyd* would have accepted a plea offer, the Supreme Court found that trial counsel was "reasonably effective." Id. at 648-649. In *Muff*, a plea offer was also extended by the State. This court was called upon to consider whether trial counsel's failure to advise the defendant of the consequences of rejecting the plea constituted ineffective assistance of counsel. We did not reach this issue, however, because no hearing on this issue had been held in the trial court. We therefore remanded the case for an evidentiary hearing. Id. at 311.

This case is distinguished from both *Muff* and *Lloyd*. Here, the record does not show that a plea offer was ever made by the State. Avans's trial counsel was not called to testify at the hearing on the motion for new trial. Instead, Avans argues that his trial counsel was ineffective for not pursuing such an offer in the face of the overwhelming evidence against him and in failing to advise him of the probable outcome of the trial. Avans has cited no case, and we have found none, in which failure to initiate plea negotiations was deemed deficient professional conduct.

Moreover, even assuming these failures on counsel's part were deficient, Avans has not shown that he would have accepted a plea offer had he been presented with one. In a similar situation, this court held in *Mathis*, supra at 222, that when the record is silent as to whether the defendant would have accepted a plea offer if offered, the requirement that he show that counsel's deficiency affected the result is not satisfied.

Finally, the evidence against Avans was very strong. Avans was observed weaving on Interstate 59 in Dade County about 10:00 p.m. by a sheriff's deputy who was transporting a prisoner. The officer also noted that Avans drove so far across the "fog line" on the roadway that the officer thought he had struck a guardrail. He could not stop Avans because of his prisoner, so he requested another officer to make the stop. The officer who made the stop testified that as he approached Avans, Avans rolled down his window, and the officer smelled "a strong smell of alcoholic beverage." Avans admitted having three or four beers that day, and although he was "very calm and cooperative," he failed two out of three field sobriety tests. Avans was placed under arrest and advised of his implied consent rights. He agreed to take a breath test, and the readings on two Intoxylizer 5000 tests administered at the Dade County Sheriff's Department were 0.157 and 0.149, both substantially over the legal blood alcohol level.

Avans testified in his own behalf, admitting he had been drinking with friends at a bowling alley after work. He did not remember weaving or almost hitting the guardrail, but said he could have been "messing with" his radio. He testified he did not have the tolerance his friends had for alcohol, blaming it on his Cherokee Indian ancestry, but he admitted driving after consuming three or four beers. At sentencing, the State introduced evidence that Avans had three prior convictions for driving under the influence. In light of this evidence, it is unlikely that a plea offer could have been negotiated that would have changed the outcome. Even the trial court noted at the hearing on Avans's motion for new trial that both trial counsel and Avans were aware that this was Avans's "fourth DUI. I mean, there just comes a point in time when all you've got is presumption of innocence

and burden of proof and [counsel] knew it and [Avans] knew it and they went to trial with that and lost." Knowing this, the trial court did not err in denying Avans's motion for new trial on the ground that Avans's counsel was ineffective.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED SEPTEMBER 17, 2001.

*John R. Emmett*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Assistant District Attorney*, for appellee.