## A02A2371. NIXON v. THE STATE.
(574 SE2d 404)

PHIPPS, Judge.

Frank Nixon was convicted of possession of cocaine with intent to distribute and of obstruction of a law enforcement officer. His motion for new trial was denied. He appeals, claiming ineffective assistance of trial counsel and an insufficiency of evidence to support his conviction of the drug offense. Finding counsel effective and the evidence sufficient, we affirm.

The State's evidence showed that an anonymous caller telephoned the Chatham County Police Department complaining of a suspicious red and white vehicle driving through the Oak Forest

Apartments. Officers Coleman and Kendrick were dispatched to the area. Coleman drove through the apartment complex without spotting the vehicle, but then he observed a red and white Mazda Protégé parked at the gas pumps of a nearby convenience store. Coleman "ran the tag" and found that it was registered to a Monte Carlo, thereby causing him to suspect that the Mazda or tag on it was stolen. Coleman thereafter observed Nixon exit the convenience store, approach the Mazda, and extend his hand so as to open the door. Coleman thereupon asked Nixon if he could speak to him. After Nixon said yes, Coleman asked whether the car belonged to him. Nixon responded no and began to distance himself from the vehicle and act very nervously. When Officer Kendrick then appeared at the convenience store, Nixon fled the scene in disregard of Coleman's commands to halt. He was later apprehended in the area by Coleman and Kendrick.

The officers returned Nixon to the convenience store after patting him down. Car keys found in his pocket fit the Mazda's ignition and opened the car's locked glove compartment. Inside the Mazda's glove compartment, the officers found a tag receipt, insurance card, voter registration card, and other documentation, all in Nixon's name. Four baggies containing a total of 27.6 grams of cocaine were also found in the glove compartment. In addition, Nixon had $3,256.50 in his possession, even though he said he was unemployed. The currency was in denominations of ones, fives, tens, twenties, fifties, and hundreds. A law enforcement officer who was qualified as an expert in street level drug cases testified that the amount and packaging of the cocaine, and the amount and denominations of the currency, were consistent with possession of the cocaine for the purpose of distribution rather than personal use.

1. Nixon claims that his trial lawyer was ineffective in failing to (a) subpoena certain individuals to testify as defense witnesses at trial, (b) advise him of a plea offer by the State, and (c) properly prosecute a motion to suppress.

> "To establish ineffective assistance of counsel, [Nixon] must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Cit.] "A trial court's finding that a defendant has been afforded effective assistance of counsel

must be upheld unless that finding is clearly erroneous." [Cit.][1]

(a) Nixon complains of counsel's failure to subpoena James White and Ash Patel. At the hearing on his motion for new trial, Nixon testified that his defense was that he had sold the Mazda to White; that White had driven the car to the convenience store that night; and that he, Nixon, had approached the car at the time in question merely by coincidence. Patel was an employee of the convenience store who had testified at the preliminary hearing that he saw Nixon get out of the Mazda.

"To establish the prejudicial effect of counsel's failure to present certain evidence, one 'is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of (the) case.' [Cit.]"[2] Nixon has made no such showing. Neither White nor Patel testified at the hearing on Nixon's motion for new trial, nor were their affidavits produced. Moreover — in light of the documentary evidence linking Nixon to the car, Patel's preliminary hearing testimony, and the fact that Nixon apparently would have been seeking to elicit self-incriminating testimony from White — it does not appear that either White's or Patel's testimony would have been helpful to the defense.

(b) At the beginning of his trial, Nixon complained about counsel's failure to adequately communicate with him before trial. When defense counsel questioned Nixon about a plea bargain offer by the State, Nixon responded that it was the first time he had been informed of the plea offer. Counsel, however, insisted that he had reviewed the offer with Nixon prior to trial. Then defense counsel and the trial court fully explained to Nixon the terms and ramifications of the plea offer. A recess was taken so that Nixon could confer with counsel. Because Nixon would not agree to the offer, the court proceeded with the trial.

Here, the trial court was authorized to find that counsel communicated the plea bargain offer to Nixon before trial.[3] And, even if Nixon was not made aware of the plea offer until trial, his refusal to accept the offer then supports the conclusion that he would not have accepted it earlier. Under these circumstances, any error by counsel in failing to communicate the plea offer to Nixon did not prejudice Nixon or affect the result of the proceeding.[4]

---

[1] *Brantley v. State*, 230 Ga. App. 651, 652 (3) (497 SE2d 399) (1998).

[2] *Ware v. State*, 273 Ga. 16, 17-18 (3) (537 SE2d 657) (2000).

[3] See generally *Kimbrough v. State*, 215 Ga. App. 303, 305 (5) (450 SE2d 457) (1994).

[4] *Avans v. State*, 251 Ga. App. 575 (554 SE2d 766) (2001); *Muff v. State*, 210 Ga. App. 309, 311 (2) (436 SE2d 47) (1993).

(c) Counsel filed a motion to suppress evidence seized during the search of Nixon's car. At trial, the court dismissed the motion on grounds that it did not allege standing or state facts showing that the search was unlawful. On appeal, Nixon has not carried his burden of showing the existence of grounds for suppressing the damaging evidence.[5] Moreover, he asserts facts showing that he does lack standing.

2. The amount and packaging of the cocaine found in Nixon's car, and the denominations and amount of currency found in his possession (particularly considering his unemployed status), together with the expert testimony, sufficiently evidenced his distribution of or intent to distribute the cocaine and authorized a rational trier of fact to find him guilty of possession of cocaine with intent to distribute beyond a reasonable doubt.[6]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 12, 2002.

*Darden, Burns & Burns, Jennifer R. Burns,* for appellant.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney,* for appellee.

---

[5] See *Edwards v. State,* 224 Ga. App. 332, 334 (3) (a) (480 SE2d 246) (1997).
[6] See *Gremillion v. State,* 233 Ga. App. 393, 396 (3) (504 SE2d 265) (1998); *McNair v. State,* 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997), and cits.; *Bethea v. State,* 220 Ga. App. 800, 801 (1) (470 SE2d 328) (1996), and cits.