## S97A0005. WYATT v. THE STATE.
### (485 SE2d 470)

SEARS, Justice.

Appellant Jessie David Wyatt appeals from his conviction and life sentence for the malice murder of his estranged wife.[1] Appellant enumerates as error on appeal the trial court's refusal to grant a mistrial due to the district attorney's improper cross-examination of appellant and improper statements during closing arguments. We find that, with the exception of one such statement, the trial court's rebuke of the district attorney in the jury's presence and curative instructions to the jury satisfactorily cured any harm resulting from the improper statements. Regarding the one excepted statement, pretermitting the issue of whether an objection thereto was preserved on appeal, we find that any error that might have resulted from that statement was harmless in light of the substantial weight of the evidence in support of the jury's verdict. Therefore, we affirm.

The evidence introduced at trial, construed most favorably to the verdict, shows that in September 1988, appellant met his estranged wife Belinda Wyatt outside of the building where she was employed. Ms. Wyatt entered appellant's car, and sat with him in the car while it remained parked in front of the building. When Ms. Wyatt attempted to exit the car, appellant pulled her back in. Thereafter, while still in the car, appellant shot Ms. Wyatt with his gun, which was loaded with hollow nosed bullets. The gunshot entered Ms. Wyatt's chest cavity, fatally injuring her. Ms. Wyatt fell out of the car, and onto the sidewalk. Appellant stepped out of his car, examined Ms. Wyatt as she lay on the ground, then entered his car and drove away. Ms. Wyatt died shortly thereafter. Evidence was introduced at trial that prior to the killing, appellant had told others that he would kill Ms. Wyatt, apparently because of their estrangement.

At trial, appellant testified on his own behalf that, while seated in the car, he and Ms. Wyatt had begun to argue. He stated that when Ms. Wyatt attempted to exit the car, he restrained her in order to continue the argument. At that time, appellant claims that he showed the gun to Ms. Wyatt in an attempt to frighten her into stay-

---

[1] The murder was committed on September 15, 1988, and appellant was indicted in October of that same year. The trial was held on April 11-12, 1989, and on April 12, 1989 appellant was sentenced to life imprisonment for the malice murder conviction. Appellant filed a motion for new trial on May 11, 1989, and the transcript was certified by the court reporter on July 23, 1989. Appellant's new trial motion was amended on May 21, 1996. In the seven years that elapsed between the filing of the new trial motion and the amendment thereto, appellant's original counsel, who had represented him at trial and filed the new trial motion, died, and new counsel was obtained. The amended new trial motion was denied on June 18, 1996, and appellant timely filed his notice of appeal with this Court on July 16, 1996. The appeal was docketed with this Court on September 17, 1996, and submitted for decision without oral argument on November 18, 1996.

ing in the car with him. Appellant testified that when Ms. Wyatt persisted in leaving the car, he refused to let go of her dress, which he held in a firm grasp. Her efforts to leave the car jerked appellant across the front seat, he testified, causing the gun to discharge accidentally, killing her.

During cross-examination, the district attorney questioned appellant regarding the condition of his marriage by asking, "You're going to bring one witness in here besides you who is going to say you had a relationship with your wife at the time you were separated?" The defense's objection to this question was sustained, and the trial court cautioned the district attorney against improperly asking appellant what evidence he intended to introduce in his defense. Immediately thereafter, the district attorney asked appellant, "Do you know anybody who can testify that you and your wife had any kind of relationship during the period of time before you killed her after you had separated?" Again, defense counsel's objection was sustained, and the trial court cautioned that the district attorney's improper line of questioning could lead to a mistrial being declared. After a heated colloquy with the bench, the district attorney relented and pursued another line of questioning.

During closing argument, the district attorney stated the following to the jury:

> I'm going to ask you to find [appellant] guilty; but if you find him not guilty, I submit to you that what you're saying is that you're telling him that his criminal act of shooting his wife, as we know he did . . . you're saying that what he did was not a crime and you're telling us, in effect, go out and do it again; if he's not guilty of this, and [what] he's done is not a crime, he can do it again, and I don't think you want to do that.

Defense counsel's objection to these statements was sustained, and the district attorney was instructed not to indicate to the jury that, by rendering a verdict of not guilty, it could cause appellant to commit further crime. The jury was then instructed to disregard the improper statements. Whereupon, the district attorney continued with his closing argument:

> I submit to you that under what we have heard, he has committed murder. He is guilty, and if you find him not guilty, I'd give him his gun back. He'd get his gun back.

The defense again objected, and moved for a mistrial. Again the district attorney was told not to infer that certain conduct might

result from a verdict of not guilty. Again the jury was instructed to disregard the improper statement. The motion for a mistrial was denied. The district attorney proceeded:

> [As] you ride down the elevator with him, and you ride out and walk out, and you leave the courthouse with this man, who has admitted holding the gun, if I can say that, that killed his wife, that's what . . . will happen if you find him not guilty, and I don't think you want to do that. He's guilty of murder, murder intending to kill her or murder intending to scare her, felony murder.

No objection was interposed to this last statement, which followed immediately the other statements, nor was a curative instruction given by the trial court.

1. Appellant argues that the district attorney's questioning of him during cross-examination concerning others who could testify as to the nature of his relationship with his wife improperly created the impression in the jury's mind that appellant carried the burdens at trial of disproving the charges against him and of establishing facts in his defense. Because of this purported impression, appellant claims that the trial court erred in denying his motion for a mistrial. In support of this argument, appellant relies upon this Court's opinion in *State v. Moore.*[2]

*Moore*, however, fails to support appellant's argument, as that opinion states that "*charges* which place any burden of persuasion upon the defendant in criminal cases . . . will be deemed erroneous and subject to reversal [absent harmless or invited error]."[3] Our review of the jury charge given in this case shows that the trial court emphasized to the jury the presumption of innocence, that the State carried the burden of proof with regard to every material allegation of the indictment and every essential element of the crime charged, and that "there's no burden of proof upon the defendant whatever [sic] and the burden never shifts to the defendant to prove his innocence." Thus, the edict enunciated in *Moore* was complied with in this matter.

The State argues that the district attorney's questioning on cross-examination was proper under *Contraras v. State*[4] and its progeny. This argument fails, too, because that line of cases permits par-

---

[2] 237 Ga. 269 (227 SE2d 241) (1976).

[3] (Emphasis supplied.) 237 Ga. at 270.

[4] 242 Ga. 369 (249 SE2d 56) (1978); see *Shirley v. State*, 245 Ga. 616 (266 SE2d 218) (1980); *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982); *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996).

ties to comment during closing arguments on the opposing party's failure to produce certain witnesses when that opposing party testifies as to the existence of a witness with knowledge of material and relevant facts, and that witness does not testify at trial.[5] In this case, appellant did not testify as to the existence of any person who could offer favorable testimony as to the nature of his relationship with his wife. Rather, the district attorney simply challenged appellant to name such a person during cross-examination. Moreover, the statements at issue here were not made during closing arguments, but rather during the State's questioning of appellant. Thus, we agree with the trial court that the district attorney's questioning was improper because it asked appellant what evidence he could introduce in his own defense, thereby implying that appellant carried some burden to disprove the State's charges against him, when the law is absolutely clear that a criminal defendant carries no burden of proof or persuasion whatsoever.[6]

It does not follow, however, that a mistrial should have been granted. When a prosecutor makes improper statements before the jury of a prejudicial matter not in evidence, the court should interpose and prevent the same. On objection, the court should rebuke offending counsel and, by instruction to the jury, remove any improper impression from the juror's minds.[7] As discussed above, in this case the trial court properly rebuked the district attorney, and instructed him to cease the improper questioning. In so doing, the trial court explained in the jury's presence that the line of questioning being pursued was improper because the defendant may not be asked what evidence he intends to offer in his own defense. Moreover, the trial court's charge to the jury made it abundantly clear that the State carried all burdens of proof and persuasion concerning all material aspects of the charges against appellant, and that appellant carried no burden of proof or persuasion to disprove those same charges. These dual curative factors, we believe, prevented any probability that the prosecutor's improper cross-examination prejudiced appellant's right to a fair trial, and for that reason this enumeration is rejected.

2. Regarding the district attorney's statements during closing argument, appellant raises several arguments.

(a) First, appellant claims that during closing argument, the district attorney expressed a personal opinion of appellant's guilt, thereby warranting a mistrial. In making this argument, appellant relies upon the district attorney's reference to appellant's "criminal

---

[5] *Morgan*, 267 Ga. at 206-207.
[6] *Moore*, 237 Ga. at 270.
[7] OCGA § 17-8-75 (1990).

act of shooting his wife, as we know he did [ ]." Appellant also cites the district attorney's statement to the jury, "I submit to you that under what we have heard, he has committed murder. He is guilty. I'm going to ask you to find him guilty."

Regarding the first of these statements, the State argues that because appellant admitted that he shot and killed his wife, but claimed that it was accidental, it was reasonable for the prosecutor to state that the jury knew that appellant did in fact shoot his wife. However, we find that the prosecutor's statement definitely implied that both he and the jury "knew" that the shooting was not accidental, but rather was criminal, and therefore the statement was improper. It has long been the rule that a prosecutor may not state before the jury a personal belief in the defendant's guilt.[8] Whether the improper statement here was reversible error, however, we need not decide because no objection was interposed by the defense to this statement, and therefore it has been waived on appeal.[9]

Regarding the second of these statements — "I submit to you that under what we have heard, he has committed murder. He is guilty. I'm going to ask you to find him guilty" — even though the statement contains the phrase "He is guilty," we must construe the statement in its entirety in order to determine whether it was objectionable. We will not parse the statement and take the phrase "he is guilty" out of the context in which it was spoken. We believe that the statement, when read as a whole, is simply an urging by the prosecutor to find appellant guilty on the basis of the evidence introduced. Although expressions of personal opinion by the prosecutor are improper in closing argument, the prosecutor has wide latitude to argue inferences from the evidence.[10] Therefore, the statement complained of was not objectionable, and this enumeration is rejected.

(b) Appellant also contends that a mistrial was warranted by the prosector's several statements that if the jury returned a verdict of not guilty, appellant could "do it again," "get his gun back," and "ride down on the elevator [with the jury] as they leave the courthouse." Appellant contends that these improper comments warranted a mistrial because they threatened the jury that if it returned a not guilty verdict, then appellant would commit further violent crime.

It is manifestly improper for a prosecutor to argue to the jury during the guilt-innocence phase of any criminal trial that if found not guilty, a defendant poses a threat of future dangerousness.[11] The argument simply is irrelevant to the question of whether, under the

---

[8] *Castell v. State*, 250 Ga. 776, 789 (301 SE2d 234) (1983).
[9] *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).
[10] *McClain v. State*, 267 Ga. 378, 384 (477 SE2d 814) (1997).
[11] *McClain*, 267 Ga. at 383; *Sterling v. State*, 267 Ga. 209, 210 (477 SE2d 807) (1996).

facts introduced into evidence, the defendant is guilty beyond a reasonable doubt of the crime charged.[12] It follows that, by raising the specter of appellant's future dangerousness, the prosecutor's statements to the jury were improper. However, we determine that they did not constitute reversible error. In response to the prosecutor's first two statements arguing future dangerousness, the trial court ruled the statements were improper, and took corrective measures which included instructing the jury to disregard the statements. Thus, reversible error did not result from the refusal to grant a mistrial due to those statements.[13]

Regarding the third statement, the transcript shows that no objection was raised thereto in the trial court, and no curative instruction was given by the trial court. This Court generally does not consider errors raised for the first time on appeal.[14] Nonetheless, pretermitting the issue of whether this issue was preserved for appeal, we find that the third statement did not constitute reversible error, either. Considering the overwhelming evidence of appellant's guilt, which included eyewitness testimony, it is highly unlikely that this single portion of the closing argument contributed to the guilty verdict.[15] Therefore, it is not reversible error, and this enumeration also is rejected.

*Judgment affirmed. All the Justices concur, except Hunstein, Carley and Hines, JJ., who concur in the judgment only.*

DECIDED APRIL 28, 1997.

*James A. Elkins, Jr.,* for appellant.

*J. Gray Conger, District Attorney, Samuel G. Merritt, Neal J. Callahan, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

