### S99A1603. CARTER v. THE STATE.
(526 SE2d 855)

FLETCHER, Presiding Justice.

Juld Gerald Carter appeals his conviction for malice murder arising out of the shooting death of Timothy Higgs.[1] Carter contends that the trial court erred in refusing to give a charge on impeachment by conviction after a state's witness testified without objection that he had been convicted of a felony. We conclude that the trial court erred, but that the error was harmless and, therefore, we affirm.

The evidence at trial showed that Higgs and Vera Hunt were riding with Higgs' uncle when Higgs asked his uncle to pull into a dark alley. When the car stopped, Carter and Sammy Singleton approached Higgs, and Carter gave Higgs a small bag of what appeared to be crack cocaine. Higgs said he did not want the drugs because it was too small a quantity for the price. Carter then grabbed a gun from Singleton's pocket and demanded money. When Higgs refused, Carter shot him.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Carter guilty of the crime charged.[2]

2. Keith Knight testified for the state. On cross-examination, Carter asked Knight about his prior convictions for possession of a gun by a convicted felon and for theft. The state did not object to these questions or Knight's testimony, but objected later to additional questions about Knight's criminal history. The trial court refused to give Carter's requested instruction on impeachment by conviction because he did not introduce certified copies of the convictions and also refused to allow Carter to argue the convictions during closing argument. This Court has held that testimony regarding prior convictions is sufficient, in the absence of an objection, to justify

---

[1] The crime occurred June 6, 1995. A grand jury indicted Carter on February 29, 1996. A jury found Carter guilty of malice murder on November 6, 1996 and the trial court sentenced him to life imprisonment. Carter filed a motion for new trial on December 4, 1996, which was denied on July 8, 1999. Carter filed a notice of appeal on July 15, 1999, which was docketed in this Court on July 29, 1999 and submitted for decision without oral argument on September 20, 1999.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the giving of a charge on impeachment by conviction.[3] Because the state did not object to Knight's initial testimony regarding his convictions, the testimony regarding the convictions was properly in evidence, and the trial court erred in refusing the requested instruction and in restricting closing argument. Nevertheless, we conclude that the error was harmless because Knight was not the state's primary witness and two other witnesses testified that Carter shot Higgs.[4]

3. After reviewing the record, we find no reversible error in Carter's remaining enumerations of error.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 2000.

*Kathy S. Palmer,* for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.

---

[3] *Harwell v. State,* 270 Ga. 765, 770 (512 SE2d 892) (1999); *McIntyre v. State,* 266 Ga. 7, 10 (463 SE2d 476) (1995).

[4] Compare *Sapp v. State,* 271 Ga. 446, 448 (520 SE2d 482) (1999) (error not harmless where witness's testimony was critical).

[5] Carter contends that the trial court erred in not charging on voluntary manslaughter, in its charges and recharges to the jury, and in replaying a witness's testimony.