## A02A1062. JACKSON v. THE STATE.
### (570 SE2d 40)

BLACKBURN, Chief Judge.

Following a jury trial, Samuel L. Jackson appeals his conviction for two counts of enticing a child for indecent purposes and two counts of child molestation, contending that the trial court erred (1) by denying his last-minute motion to assert mental illness as a defense; (2) by failing to hold a *Jackson-Denno* hearing; (3) by not declaring a mistrial after an investigating police officer commented that Jackson had refused to undergo an interview; (4) in overruling his objection to the State's reference to prayer in its closing argument; and, he further argues (5) that his trial counsel provided ineffective assistance by failing to object to certain medical evidence. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that, in 1992 and 1993, Jackson was operating an ice cream truck. During that time, he molested two minor boys whom he allowed to help him sell ice cream cones. The acts of molestation included anal sodomy in the back of the ice cream truck and showing pornographic films to the minors, among a number of other criminal acts.

On April 30, 1993, Jackson was found guilty on two counts of enticing a child for indecent purposes and two counts of child molestation. On June 1, 1993, Jackson's trial counsel filed a motion for new trial. Sometime thereafter, Jackson's trial attorney died, and his motion for new trial was not considered until November 29, 2001, after new appellate counsel had been obtained. The record does not contain an explanation for the delay in hearing Jackson's motion for new trial.

1. Jackson contends that the trial court erred by denying his motion to proceed with a defense of mental illness. Because the motion was untimely, we disagree.

In general, Uniform Superior Court Rule 31.1 requires a defendant to file a notice of his intent to raise the issue of insanity or mental illness at least ten days before trial unless that time period is lengthened or shortened by the trial judge. The purpose of this notice

is to give the State the opportunity to obtain independent expert mental health evaluations of the defendant and to prepare rebuttal evidence.

The record shows that Jackson's original attorney filed a timely motion on his behalf to assert mental illness as a defense. Jackson, however, disagreed with his original attorney, and he did not want to assert mental illness as a defense. Ultimately, Jackson's original attorney was allowed to withdraw from the case because he and Jackson could not agree on this issue. A new attorney was subsequently appointed for Jackson, and Jackson informed him that he was not interested in pursuing mental illness as a defense. Then, on the morning of the trial after the jurors had been picked, Jackson suddenly changed his mind, and his trial attorney, who admitted that Jackson, himself, had earlier abandoned the defense, attempted to renew the original attorney's motions. The trial court denied Jackson's request for a psychiatric evaluation and the ability to assert mental illness as a defense.

This ruling was proper. In effect, Jackson's motion to assert mental illness as a defense on the day of trial was a new motion, as it is undisputed that the previous motion had been abandoned. And, Jackson, himself, acknowledged that, at that time, there was not enough time to obtain the necessary psychiatric evaluations to assert a psychiatric defense. Accordingly, the motion was untimely pursuant to USCR 31.1.

2. Jackson contends that his trial counsel rendered ineffective assistance by failing to object to the admission of medical reports made by an emergency room physician who examined one of the minors who accused him of molestation. Jackson contends that the State did not timely make this medical report available to him. Jackson, however, has waived this contention for failure to raise the claim of ineffective assistance at the earliest practicable time.

Jackson's new appellate counsel chose to argue only those grounds raised in his trial attorney's motion for new trial. He neither filed an amended motion for new trial raising a claim of ineffective assistance nor argued ineffective assistance at the hearing on the motion for new trial.

> An ineffectiveness claim must be asserted at the earliest practicable moment and before appeal when the opportunity to raise such claim is available. The failure to do so results in a waiver of that issue. Here, new counsel was appointed in time to file a timely notice of appeal but did so without first filing a motion for new trial or otherwise seeking an evidentiary hearing on any claim of ineffective assis-

tance of trial counsel. As a consequence, this claim is procedurally foreclosed.

(Footnotes omitted.) *Grimes v. State*.[1]

3. Jackson contends that the trial court erred by failing to hold a *Jackson-Denno* hearing regarding a certain statement made by Jackson to an investigating officer. The record shows, however, that the State described the statement to Jackson and that Jackson agreed that a *Jackson-Denno* hearing was unnecessary. This enumeration is patently meritless.

4. Jackson contends that the trial court erred by denying his motion for a mistrial after an investigating officer commented that Jackson had refused a police interview. When the State asked the officer to describe the *Miranda* rights he conveyed to Jackson, the officer responded: "I advised him just basically that he had the right to remain silent; that anything he said could be used against him in court. We have a form that we use, and that form was not filled out because of his refusal to consent to an interview." Following this testimony, Jackson made a motion for a mistrial. The trial court denied Jackson's motion; however, it gave the jury a curative instruction to disregard the offending statement.

> Improper reference to a defendant's silence does not automatically require reversal. Here, the trial court promptly gave curative instructions on the right of the accused to remain silent and unambiguously instructed the jury to disregard the comments and not to draw any adverse inference from the fact that the accused has asserted his right to remain silent.

(Citation and punctuation omitted.) *Ledford v. State*.[2] In addition, the trial court instructed the jury regarding Jackson's absolute right to remain silent and informed them that such silence could not be used against Jackson. "The trial court did not manifestly abuse its discretion in giving immediate and clear cautionary instructions to the jury, and we will not disturb its decision denying a motion for mistrial." *Frazier v. State*.[3]

5. Jackson contends that the trial court erred by overruling his objection to the State's reference to prayer in its closing argument. Jackson, however, did not request that the closing arguments be

---

[1] *Grimes v. State*, 245 Ga. App. 277, 279 (3) (537 SE2d 720) (2000).
[2] *Ledford v. State*, 221 Ga. App. 238, 242 (4) (470 SE2d 796) (1996).
[3] *Frazier v. State*, 249 Ga. App. 463, 465 (4) (549 SE2d 133) (2001).

transcribed. As such, the transcript contains only the colloquy immediately surrounding Jackson's objection. The transcript reads:

> State: . . . The prayer Monday morning, yesterday morning, I wrote down something in there because I knew I would be trying this case. The preacher said —.
> Jackson: Your honor, I'm going to object to anything having to do with prayer in opening court as being improper argument.

The trial court then overruled Jackson's objection, and there is no record of what the State actually said about prayer in the transcript.

> Although the transcript contains [Jackson's] objections to the closing arguments, the arguments, themselves, were not transcribed. As this Court recently reiterated, where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review.

(Punctuation omitted.) *Carswell v. State*.[4] Because closing arguments were not transcribed, we cannot review this enumeration.
*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002.

*Aldous D. McCrory*, for appellant.
*Bryant G. Speed II, District Attorney, Harold W. Goldin, Jr., Fred R. Simpson, Assistant District Attorneys*, for appellee.

---

[4] *Carswell v. State*, 251 Ga. App. 733, 736 (3) (555 SE2d 124) (2001).