A06A2324. HARTLEY v. THE STATE.

(641 SE2d 607)

ADAMS, Judge.

A Clayton County jury found Jerry Preston Hartley guilty of trafficking in methamphetamine.[1] On appeal, Hartley claims that the trial court abused its discretion in denying Hartley's motion for a continuance, and that Hartley received ineffective assistance of counsel. We affirm for the reasons set forth below.

Hartley was jointly indicted and tried with Thomas Mitchell Waters. The evidence presented at trial showed the following:

---

[1] Hartley was also indicted for theft by taking a Chevrolet Tahoe, theft by receiving a stolen vehicle tag, and criminal trespass, and the trial court directed a verdict of acquittal on these counts. The jury failed to reach a verdict on the indicted offenses of entering automobile, theft by receiving the stolen Chevrolet Tahoe, and possession of methamphetamine with intent to distribute.

A Clayton County homeowner reported a suspicious vehicle parked behind his home. The police officer who was dispatched to the scene observed Waters and Hartley in or near a green Chevy Tahoe, which was later determined to have been stolen. When the officer approached the Tahoe and asked to talk to them, they ran from the Tahoe and fled the scene in a Chevy Lumina driven by Waters and owned by his girlfriend, Ginger Davis. The officer then stopped the Lumina in his patrol vehicle. He removed Waters, handcuffed him, and put him in his patrol car. As the officer returned to the Lumina, he observed Hartley reach under the passenger seat. Another officer who appeared on the scene searched the area under the passenger seat and found a black leather bag containing 99.77 grams of methamphetamine.

Waters's girlfriend, Davis, gave testimony tending to show that the Tahoe had been stolen by Chris Bentley, another friend of Waters. Davis testified that on the day in question Hartley had come over to her house with a bag containing the methamphetamine. When she saw what was in the bag, she told Waters to get Hartley out of the house. Waters and Hartley were later arrested and charged with possession of the methamphetamine and other offenses.

*Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006).

1. Hartley contends that the trial court abused its discretion in denying his motion for a continuance. We disagree.

When the case was called to trial, Hartley's trial counsel moved for a continuance on the grounds that the Clayton County Police Department had provided her with copies of radio transmissions that she wanted to inspect before going forward. Counsel had been in possession of the transmissions for at least three days, but had not listened to them. The trial court, noting that the case had been previously continued, denied trial counsel's motion. Hartley argues that the trial court should have granted the continuance because his trial counsel was not prepared.

"All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." OCGA § 17-8-22. Further, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." (Punctuation and footnote omitted.) *Gilbert*

*v. State*, 259 Ga. App. 371, 374 (3) (577 SE2d 35) (2003). Given that Hartley's trial counsel had several days to review the transmissions before trial but did not do so, and that she characterized the information only as a "lead," the trial court was not presented with a compelling reason to continue the trial. See *Hall v. State*, 240 Ga. App. 356, 358 (4) (523 SE2d 409) (1999) (trial court did not abuse its discretion in denying defendant's motion for a continuance so that his trial counsel could have more time to prepare for trial).

2. Hartley contends that he received ineffective assistance of trial counsel.

> In order to prove this claim, [an appellant] must establish both that his counsel's representation was inadequate and that this prejudiced the outcome of his trial[.] The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation omitted.) *Abernathy v. State*, 278 Ga. App. 574, 580 (3) (630 SE2d 421) (2006). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Punctuation and footnote omitted.) *Ford v. State*, 274 Ga. App. 695, 702 (5) (a) (617 SE2d 262) (2005).

(a) In interviews before trial and on the morning of trial, Waters's girlfriend, Davis, told Hartley's trial counsel that Hartley did not know about the methamphetamine. Davis changed her story, however, when the State called her as a witness, and she testified that on the day Hartley and Waters were arrested that Hartley came into her house carrying a bag of methamphetamine.[2] Hartley contends that his trial counsel was ineffective in that she (i) failed to request a continuance to secure Rita Carswell and Tara Watkins as witnesses to impeach Davis's testimony, (ii) failed to request a continuance on the grounds that the State had not complied with its reciprocal discovery obligation to include Davis on its witness list, (iii) failed to request a continuance or move for a mistrial once it became clear that Davis's testimony was prejudicial to Hartley, and (iv) failed to ask for

---

[2] Notwithstanding Davis's testimony, the jury also convicted Waters of trafficking in methamphetamine.

a recess to enable counsel to go to the clerk's office and obtain certified copies of Davis's previous felony convictions. We disagree because notwithstanding Hartley's claims of his trial counsel's deficient performance, Hartley cannot show harm under the second prong of the *Strickland* test. See *Page v. State*, 271 Ga. App. 541, 545 (2) (c) (610 SE2d 171) (2005).

Hartley contends that his trial counsel should have called Carswell and Watkins as witnesses. However, Carswell's and Watkins's testimony, as proffered in the hearing on motion for new trial, does not exonerate Hartley, but tends only to impugn Davis's credibility and, in Carswell's case, to rebut Davis's contention that Hartley entered Davis's house. Further, Davis's testimony was not the primary evidence connecting Hartley to the methamphetamine. Police found a substantial quantity of methamphetamine under the seat where Hartley was riding as a passenger, and a police officer saw Hartley reaching under the seat before the drugs were discovered. According to trial counsel's testimony at the hearing on motion for new trial, the police videotape that was shown to the jury also showed Hartley moving around "up under" that seat. Even if Carswell and Watkins had testified and brought Davis's credibility into additional question, their testimony would have done nothing to rebut the remainder of the State's case. Accordingly, Hartley cannot show that there was a reasonable probability that the outcome of the trial would have differed if his trial counsel had called Carswell and Watkins as witnesses. See *Page v. State*, 271 Ga. App. at 545 (2) (c) (where strong evidence of appellant's guilt was uncontradicted by testimony proffered by witnesses at the hearing on motion for new trial, appellant failed to show that the outcome of his trial was reasonably likely to have differed if the witnesses had been called at trial).

Hartley further claims that his trial counsel should have obtained a continuance, but he does not show how a continuance, in and of itself, would have aided in his defense, apart from allowing time for his trial counsel to secure Carswell and Watkins as witnesses. In particular, Hartley shows no likelihood that his counsel could have prevented the jury from ultimately hearing Davis's testimony notwithstanding the State's apparent failure to include Davis on its witness list. See *Arnold v. State*, 253 Ga. App. 307, 310 (2) (560 SE2d 33) (2002) (absent prejudice and bad faith, allowing interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to trial). Hartley cannot show that his trial counsel's failure to move for a continuance affected the outcome of the trial.

Hartley also claims his counsel was deficient for failing to call for a recess to secure certified copies of Davis's drug convictions. Even though counsel did not obtain and then introduce certified copies of

Davis's drug convictions, Davis testified that she had been jailed twice for methamphetamine-related crimes. As the certified copies of Davis's convictions would have been, to some extent, cumulative of other evidence, and given that Davis's testimony was not required for the State to establish the link between Hartley and the methamphetamine, we cannot say that trial counsel's failure to introduce the convictions into evidence was reasonably likely to have affected the outcome of the trial. See, e.g., *Johnson v. State*, 257 Ga. App. 30, 31-32 (1) (570 SE2d 344) (2002) (no ineffective assistance where counsel failed to introduce cumulative testimony).

Given the foregoing, even if Hartley's trial counsel's performance was deficient as alleged, the trial court did not clearly err in concluding that Hartley had not received ineffective assistance of counsel.

(b) Hartley also claims that his trial counsel was ineffective in that she did not request a jury charge on impeachment of a witness by proof of a prior felony conviction.[3] We disagree. Even assuming that Davis's admission that she had been jailed for methamphetamine-related crimes was sufficient to support a charge on impeachment by conviction and that Hartley's trial counsel was deficient in failing to request a jury instruction on impeachment, Davis was not the State's primary witness, and other evidence connected Hartley with the methamphetamine. Accordingly, Hartley failed to establish that but for trial counsel's allegedly deficient performance there was a reasonable probability that the outcome of the trial would have been different. Compare *Carter v. State*, 272 Ga. 31, 32 (2) (526 SE2d 855) (2000) with *Wakefield v. State*, 261 Ga. App. 474, 476-477 (2) (583 SE2d 155) (2003).

(c) Finally, Hartley contends that during closing argument the prosecutor improperly expressed his personal opinion that Hartley was guilty, and that trial counsel was ineffective for failing to object to the improper argument. Again, we disagree. The long-standing rule is that the prosecutor may not state to the jury a personal belief in the defendant's guilt. *Wyatt v. State*, 267 Ga. 860, 864 (2) (a) (485 SE2d 470) (1997). Here, the prosecutor told the jury to not "be confused by the presumption of innocence. Each of you is actually innocent of these various crimes, [Waters and Hartley are] not, they're guilty. . . ." In the previous sentences, the prosecutor told the jury that "[t]he State has to prove to you that they are guilty." In context, the prosecutor was permissibly reiterating the State's position that Hartley was guilty, not stating his personal belief in Hartley's guilt. See *Bishop v. State*, 268 Ga. 286, 294 (14) (486 SE2d

---

[3] Hartley also complains that trial counsel failed to reserve objections to the trial court's instructions, but does not argue that any of the instructions actually given were erroneous.

887) (1997). "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Citations and punctuation omitted.) *Henry v. State*, 279 Ga. 615, 617 (3) (619 SE2d 609) (2005).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 1, 2007.

*Lloyd J. Matthews*, for appellant.

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.