## A08A1143. HEARD v. THE STATE.
### (662 SE2d 310)

BLACKBURN, Presiding Judge.

Following a jury trial, Terry Heard was convicted on one count of possession of cocaine with intent to distribute,[1] one count of possession of cocaine,[2] and one count of failure to use a seat safety belt while operating a passenger vehicle.[3] He appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in (i) giving an improper limiting instruction on the purpose for which similar transaction evidence was to be considered; (ii) failing to declare a mistrial when a witness for the State commented on his silence; (iii) allowing the State to make improper and prejudicial comments; and (iv) failing to find that he received

[8] 252 Ga. App. 454 (556 SE2d 527) (2001).

[9] See id. at 456 (1).

[10] (Punctuation omitted.) *State v. Lanes*, 287 Ga. App. 311, 313 (651 SE2d 456) (2007).

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-30 (a).

[3] OCGA § 40-8-76.1 (b).

ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[4] the evidence shows that on May 16, 2001, a Catoosa County sheriff's deputy was stopped at an intersection while on routine patrol, when he observed Heard, who was stopped at the opposite side of the intersection, driving his vehicle without wearing a seat safety belt. When it was safe to do so, the deputy pulled in behind Heard's vehicle and initiated a traffic stop. The deputy, who knew Heard from having gone to high school with him, approached Heard's vehicle, asked for his driver's license, and informed him that he was being cited for driving without his seat safety belt. The deputy then returned to his own vehicle to write the traffic citation and to run a check on Heard's license. A minute or so later, Heard exited his vehicle and leaned against it while nervously fidgeting with his pants pockets. Believing that the deputy was not paying close attention, Heard removed several small plastic bags containing an off-white substance from his pocket and attempted to throw the bags into a grassy area next to where the vehicles were parked. However, because of windy conditions, one of the bags landed on the trunk of Heard's vehicle. Unbeknownst to Heard, the deputy had been observing him the entire time and, believing that the bags contained cocaine, had called for backup in case Heard attempted to flee. In addition, the check on Heard's license indicated that it had been suspended. Still unaware that he was being observed, Heard grabbed the bag that had landed on his trunk and tried to throw it underneath the deputy's vehicle, but the bag landed on the vehicle's bumper. Shortly thereafter, the backup officer arrived, and the deputy informed Heard that he was being arrested for driving with a suspended license. Subsequently, the deputy and the officer retrieved the small plastic bags that Heard had discarded.

Heard was indicted on one count each of possession of cocaine with intent to distribute, possession of cocaine, and failure to use a seat safety belt while operating a passenger vehicle. At trial, the deputy recounted the details surrounding Heard's arrest, and an officer with the Georgia Bureau of Investigation crime lab testified that the plastic bags that Heard had attempted to discard contained over 15 grams of cocaine. In addition, the State introduced similar transaction evidence that Heard had pled guilty to the charge of possession of cocaine approximately four years earlier. Heard testified and denied all the charges. He also proffered a witness, who testified that earlier on the same day that Heard was arrested, he

---

[4] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

saw two young men searching for something in the area where Heard was later stopped. At the trial's conclusion, Heard was found guilty on all three counts of the indictment. He filed a motion for new trial, which was denied after a hearing. This appeal followed.

1. Heard contends that the trial court committed reversible error by giving an improper limiting instruction on the purposes for which the similar transaction evidence was to be considered. We disagree.

Before the start of Heard's trial, the court held a hearing, pursuant to Uniform Superior Court Rule 31.3 (B), to determine whether the evidence of Heard's earlier conviction of possession of cocaine would be admitted as similar transaction evidence. Following that hearing, the court ruled that the evidence could be admitted to show Heard's bent of mind, course of conduct, intent, motive, and his method of operation. Prior to the introduction of this evidence at trial, the trial court, sua sponte, provided the jury with the following instruction:

> I charge you that sometimes evidence is admitted for a particular purpose. Such evidence may be considered by the jury for the sole issue or purpose for which the evidence is introduced and not for any other purpose. The law provides that evidence of other offenses or transactions of this Defendant which are similar or connected to the offense for which the Defendant is on trial may be admissible and may be considered for the limited purpose of showing, if it does indeed show, identity or state of mind or intent, *et cetera* of crimes charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose.

(Emphasis supplied.) Heard offered no objection. Later, prior to the State introducing additional evidence pertaining to Heard's earlier conviction, the trial court, again sua sponte, provided the jury with the following instruction:

> The law provides that evidence of other transactions or offenses of this Defendant which are similar or connected to the offense for which the Defendant is on trial may be admissible and may be considered for the limited purpose of showing, if it does, the identity, the state of mind or the intent, *et cetera* in the crimes charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose.

(Emphasis supplied.) Again, Heard offered no objection to the instruction. Despite this failure to object and the failure to request a

specific limiting instruction, Heard now argues that the trial court's use of the term "et cetera," after listing the specific purposes for which his earlier conviction could be considered, impermissibly expanded the limiting instruction and, in effect, allowed the jury to consider the similar transaction evidence for any purpose. This argument is without merit.

"We have previously held that when evidence is admitted for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a proper written request to so instruct the jury.*" (Punctuation omitted; emphasis in original.) *Dunbar v. State.*[5] See *Murphy v. State.*[6] Because Heard did not request a specific limiting instruction prior to the admission of the similar transaction evidence and did not object to the court's instruction when such instruction was given, he has waived any argument regarding that instruction on appeal. *Caldwell v. State.*[7]

2. Heard contends that the trial court erred in failing to declare a mistrial when a witness for the State commented on his silence. While cross-examining one of the officers involved in the case on the fact that Heard was in possession of a large amount of cash when he was arrested, Heard's counsel asked the officer if he knew that Heard taught karate, to which the officer replied, "No, I don't. As I indicated, he refused to give a statement." Heard's counsel objected and moved for a mistrial. The trial court denied the motion but instructed the jury to disregard the officer's response. The court further instructed the jury that Heard had a right to remain silent and had no burden to make any statement. Heard now argues that the trial court erred in not declaring a mistrial to remedy the officer's prejudicial comments. We disagree.

"It is improper for a trial court to allow testimony about a defendant's silence following arrest." *Wright v. State.*[8] However, "[i]mproper reference to a defendant's silence does not automatically require reversal." (Punctuation omitted.) *Jackson v. State.*[9] Here, following Heard's objection, the trial court took corrective measures, which included instructing the jury to disregard the officer's comments and reminding the jury that Heard was under no obligation to provide a statement. In addition, the State made no further reference to Heard's silence. "Thus, reversible error did not

[5] *Dunbar v. State*, 228 Ga. App. 104, 110 (3) (491 SE2d 166) (1997).
[6] *Murphy v. State*, 270 Ga. 72, 75 (2) (d) (508 SE2d 399) (1998).
[7] *Caldwell v. State*, 247 Ga. App. 191, 200 (3) (e) (542 SE2d 564) (2000).
[8] *Wright v. State*, 282 Ga. App. 649, 651 (2) (639 SE2d 581) (2006).
[9] *Jackson v. State*, 256 Ga. App. 829, 831 (4) (570 SE2d 40) (2002).

554

result from the refusal to grant a mistrial." *Lewis v. State*.[10] See *Wright*, supra, 282 Ga. App. at 652 (2); *Jackson*, supra, 256 Ga. App. at 831 (4).

3. Heard further contends that the trial court erred by allowing the State to make improper and prejudicial comments during trial. The prosecutor's allegedly improper comments occurred during his cross-examination of Heard. After being questioned about his previous conviction on the charge of possession of cocaine, Heard claimed that he had not been guilty of that charge, despite his plea to the contrary, and that the prosecutor was "after him" now just as he had been in the earlier case. Thereafter, the following exchange occurred:

> Q: [By the State] Mr. Heard, do you reckon those things might have been said because [of] the fact that I know that you were a drug dealer?
>
> A: How do you know that, sir?
>
> Q: I know that back on January the 28th of 1997 you possessed fifteen grams of cocaine. You ran from the officers.
>
> The Court: Wait just a minute, she's [defense counsel] objecting.
>
> Defense Counsel: I would object to him testifying unless he wants to take the stand. If he wants to ask a question, ask a question.
>
> The State: Your Honor, he's already testified that I'm out to get him or something like that and I'm asking, I'm checking in to that.
>
> The Court: Well, ask him the question. Don't testify yourself. Ask the question. Let him testify.
>
> Q: [By the State] I asked you, do you think I want to convict you because I know you're a drug dealer?
>
> A: I don't know why you want to convict me so bad, sir.

Heard's counsel made no further objections. However, Heard now argues that he was prejudiced by this exchange because the prosecutor was allowed to improperly express his personal opinion that Heard was guilty of the crimes charged.

OCGA § 17-8-75 provides:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is

---

[10] *Lewis v. State*, 279 Ga. 69, 74 (6) (608 SE2d 602) (2005).

the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in [its] discretion, [the court] may order a mistrial if the prosecuting attorney is the offender.

"This Code section has been applied not only in situations where counsel have made improper statements or prejudicial remarks in the presence of the jury during a trial, but it also has been applied where the same is made in the form of a question." (Punctuation omitted.) *Castell v. State*.[11] In addition, "[i]t has long been the rule that a district attorney may not state to the jury his personal belief in the defendant's guilt." Id. See *Hartley v. State*.[12] However, here, Heard's counsel only objected to the prosecutor's statement recounting Heard's previous conviction and did not object to the two questions posed by the prosecutor, which questions implied that the prosecutor personally believed that Heard was guilty of the charged offense. Thus, the issue of whether those two questions constituted improper remarks has been waived on appeal. See *Wyatt v. State*.[13]

Our Supreme Court has further held that

[w]hen no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial.

*Todd v. State*.[14] Here, the evidence demonstrated that Heard was directly observed by a sheriff's deputy attempting to discard over 15 grams of cocaine. Considering this evidence of Heard's guilt, we find no reasonable probability that the prosecutor's remarks changed the result of Heard's trial. See *Lewis*, supra, 279 Ga. at 73 (4); *Todd*, supra, 261 Ga. at 767-768 (2) (a); *Seidenfaden v. State*.[15]

4. Heard contends that the trial court erred in failing to find that he received ineffective assistance of counsel, arguing that his trial counsel performed deficiently in failing to call a particular defense witness and in failing to inform him that the State intended to prosecute him as a recidivist. See OCGA § 17-10-7 (a).

To establish ineffective assistance of counsel under *Strickland v.*

[11] *Castell v. State*, 250 Ga. 776, 789 (8) (a) (301 SE2d 234) (1983).
[12] *Hartley v. State*, 283 Ga. App. 388, 392 (2) (c) (641 SE2d 607) (2007).
[13] *Wyatt v. State*, 267 Ga. 860, 864 (2) (a) (485 SE2d 470) (1997).
[14] *Todd v. State*, 261 Ga. 766, 767 (2) (a) (410 SE2d 725) (1991).
[15] *Seidenfaden v. State*, 249 Ga. App. 314, 316-317 (1) (547 SE2d 578) (2001).

*Washington*,[16] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Mency v. State*.[17] "Making that showing requires that [Heard] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State*.[18] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State*.[19]

(a) Heard first contends that his trial counsel performed deficiently by failing to call a female witness, who allegedly would have testified that on the same day that Heard was arrested, she saw some young males throw something into the grassy area next to the parking lot where Heard was later stopped by the sheriff's deputy. This contention is without merit.

"Decisions about which witnesses to call are generally matters of trial strategy." *Freeman v. State*.[20] Here, as Heard's claim of ineffective assistance relates to strategic matters outside of the trial record, trial counsel's testimony is required to evaluate the claim. See id. However, Heard's trial counsel was not called to testify at the hearing on Heard's motion for new trial, "and without trial counsel's testimony, [her] actions are presumed strategic." Id. Furthermore, Heard did not provide any evidence beyond his own speculative testimony, as to how this witness would have testified at trial. "Because [Heard] failed to make any proffer of the uncalled witness's testimony, it is impossible for [Heard] to show there is a reasonable probability the results of the proceedings would have been different." (Punctuation omitted.) *Duvall v. State*.[21] Accordingly, the trial court did not clearly err in finding that Heard failed to carry his burden of proving that trial counsel's failure to call this witness constituted ineffective assistance.

(b) Heard further contends that his trial counsel performed deficiently by failing to inform him that the State intended to prosecute him as a recidivist. This contention is also without merit.

Although Heard's testimony, offered during the hearing on his motion for new trial, that his trial counsel did not advise him that the State intended to prosecute him as a recidivist was unrebutted,

---

[16] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[17] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[18] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

[19] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

[20] *Freeman v. State*, 282 Ga. App. 185, 187 (2) (638 SE2d 358) (2006).

[21] *Duvall v. State*, 273 Ga. App. 143, 145 (3) (b) (614 SE2d 234) (2005).

we do not agree that reversal is required. Putting aside the fact that the trial court was not required to believe him, see *Tate v. State*,[22] Heard has not met his burden of showing a reasonable probability that the outcome of his case would have been different. Indeed, although Heard complained during the hearing on his motion for new trial of not being informed of the State's intention, he did not testify that he would have accepted a plea offer had he known that he was facing the prospect of being sentenced as a recidivist. Thus, he has failed to show that counsel's alleged deficiency affected the end result of his case. See *Avans v. State*.[23] Furthermore, he has not shown in the record "that the State made or was amenable to any plea negotiations." *Wallace v. State*.[24] Accordingly, the trial court did not err in denying Heard's motion for new trial on the grounds of ineffective assistance of counsel. See id.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 16, 2008.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr.*, District Attorney, *Bruce E. Roberts*, Assistant District Attorney, for appellee.

---

[22] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[23] *Avans v. State*, 251 Ga. App. 575, 576 (554 SE2d 766) (2001).

[24] *Wallace v. State*, 238 Ga. App. 69, 72 (3) (517 SE2d 801) (1999).