## A08A1362. DECHANT v. THE STATE.

(668 SE2d 501)

SMITH, Presiding Judge.

Thomas Dechant appeals from his convictions for driving under the influence of alcohol to the extent it was less safe for him to drive and for failure to maintain lane. He enumerates several errors including challenges to the sufficiency of the evidence. Having reviewed these contentions, we find no error and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that an officer on late-night routine patrol discovered a green Ford sedan nose-first in a ditch and a gold Cadillac on the shoulder of the roadway. The officer spoke with a couple on the scene and determined that they had been driving the Cadillac parked on the shoulder. The officer asked the couple if they had been involved in the accident. The couple responded that they were not involved in the accident and, having arrived on the scene shortly before the officer, did not witness how the Ford ended up in the ditch. The couple remained on the scene while the officer conducted his investigation.

The only other person on the scene was Dechant. The officer asked Dechant if a deer had run in front of his vehicle. Dechant responded "yes," and asked the officer to help him. As the officer filled out a traffic accident form, he detected a strong odor of alcohol on Dechant's person. The officer also noticed that Dechant's speech was slurred, he had droopy, bloodshot eyes, he swayed from side to side as he stood, and his clothing was disheveled. Dechant was walking with a soft cast on his foot and leg. The officer had Dechant perform two nonstandard field sobriety tests, but Dechant was unable to successfully complete either task — he could not say his ABCs or count backward from 99 to 78. Dechant refused to take an alco-sensor test. The officer testified that he arrested Dechant because, in his opinion, Dechant was under the influence of alcohol to the extent that it was less safe for him to drive. The officer then read Dechant the implied consent warning. As the officer was reading the warning, Dechant complained that the couple on the scene in the Cadillac had run him off the road.

While waiting on a tow truck, Dechant asked the officer to retrieve a crutch from his vehicle. The officer noticed that the vehicle was "unusually trashy" and that the only place to sit in the vehicle was in the driver's seat as none of the trash in the other seats looked as if it had been sat on. When the tow truck arrived, Dechant told the officer that someone named John was driving his vehicle when it went into the ditch. Although Dechant could not recall John's last

name, he told the officer he knew where John lived. Dechant told the officer that John ran into the woods before the officer arrived on the scene.

At trial, Dechant testified that he was a passenger in his vehicle and that his neighbor whose name began with a "J" was driving when another vehicle ran them off the road. He claimed that he was unable to drive because of the cast on his foot and leg. He testified further that his driver left the scene before police arrived. Dechant denied telling the officer both that he had hit a deer and that the couple in the Cadillac had run him off the road. He then testified he told the officer that he believed it was an SUV that ran his vehicle off the road. Dechant claimed that an injury to his finger and thumb resulted from the impact of hitting the ditch and that marks on the passenger side dashboard showed that he was a passenger and not the driver.

1. In three enumerations, Dechant argues that the evidence was insufficient to sustain his convictions.[1] "The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Citation omitted.) *Grant v. State*, 289 Ga. App. 230, 233 (3) (656 SE2d 873) (2008). We view the evidence in the light most favorable to the jury's verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Id.

> An appellate court does not weigh the evidence or determine witness credibility. . . . Conflicting testimony is a matter of credibility for the finder of fact to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict.

(Citations, punctuation and footnote omitted.) *Viau v. State*, 260 Ga. App. 96, 96-97 (1) (579 SE2d 52) (2003) (full concurrence in Division 1).

Dechant claims the evidence showed that he was not operating the vehicle and that he was a passenger. It is well settled that

> driving a motor vehicle while intoxicated may be shown by circumstantial evidence; that, in order to sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except the guilt of the accused, but

---

[1] Dechant contends both that the evidence was insufficient to sustain his convictions and that the court erred in denying his motion for a directed verdict.

only reasonable inferences and hypotheses; and that it is for the trier of fact to decide whether a particular hypothesis is reasonable.

(Citation and footnote omitted.) *Dorris v. State*, 291 Ga. App. 716, 718 (662 SE2d 804) (2008). Here, other than the couple driving the Cadillac, Dechant was the only person on the scene. He admitted that the vehicle was his and the officer observed that Dechant appeared intoxicated. The officer also observed trash on the passenger side of the vehicle that did not appear to be compacted as if it had been sat on, creating an inference that there was no passenger in the vehicle when it went into the ditch. The officer's testimony concerning both the accident scene and his observations of Dechant, though circumstantial, was sufficient for a trier of fact to find that Dechant was guilty of driving under the influence of alcohol to the extent that it was not safe for him to drive. See id.; *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998) (even though defendant claimed that someone else had been driving vehicle involved in one-car accident, circumstantial evidence of defendant lying beside road near car and reeking of alcohol with slurred speech and unsteady gait, was sufficient to sustain conviction for DUI).

Although Dechant claimed that he was not driving the vehicle, the jury was free to disbelieve Dechant's many contradictory explanations of the incident. See, e.g., *Green v. State*, 244 Ga. App. 565, 566 (1) (536 SE2d 240) (2000) (when jury rejects alternative hypothesis in favor of State's evidence of guilt, we are not authorized to reweigh the evidence and will not reverse unless verdict of guilty is unsupportable as a matter of law). This evidence was also sufficient to sustain Dechant's conviction for failure to maintain lane in violation of OCGA § 40-6-48. See *Taylor v. State*, 278 Ga. App. 181, 182 (1) (628 SE2d 611) (2006); see also *Viau*, supra at 97-98 (1) (c).

2. Dechant contends that the State failed to establish that the arresting officer satisfactorily completed a basic training course prior to his appointment as a police officer as required by OCGA § 35-8-9 (c). The requirement that a peace officer complete a basic training course is found in OCGA § 35-8-9 (a) ("each and every candidate shall satisfactorily complete a basic training course prior to his or her appointment as a peace officer"). Here, Dechant made no objection to the officer's qualifications during trial and raised this argument for the first time in his amended motion for new trial. See *Dyer v. State*, 257 Ga. App. 267, 270 (7) (570 SE2d 692) (2002) (failure to raise objection to officer's qualifications at trial waives issue on appeal). This argument is without merit.

3. Dechant contends that the State failed to lay a proper foundation for the officer's testimony concerning the field sobriety

tests. But once again, Dechant made no objection to the admission of this testimony at trial. See, e.g., *Brown v. State*, 191 Ga. App. 357, 358 (1) (381 SE2d 543) (1989). This argument is therefore waived.

4. Dechant argues that the officer failed to read him the implied consent form, but fails to specify the remedy that he seeks. The record shows that the officer testified that he read the implied consent warning to Dechant. Because the credibility of witnesses rests with the trier of fact, cf. *Walczak v. State*, 259 Ga. App. 140, 143 (1) (575 SE2d 906) (2003), this enumeration presents nothing for review.

5. In a single sentence and without citation to the record or to authority,[2] Dechant contends that he was unable to assist in his defense because he was under the influence of prescription drugs during trial. A review of the record, however, reveals that Dechant made no mention of this fact at trial, and there is no evidence supporting the argument that he was impaired during trial. See *Johnson v. State*, 191 Ga. App. 810, 810-811 (3) (383 SE2d 146) (1989) (no evidence that defendant was under the influence of drugs during trial). Therefore, this enumeration also presents nothing for review.

6. Finally, and again without citation to legal authority or the record, Dechant contends that he was denied effective assistance of counsel. He argues that trial counsel failed to file a motion to suppress, subpoena certain witnesses to testify, or enter his military record and medical records into evidence. He also claims that trial counsel failed to sufficiently cross-examine the arresting officer. "To prevail on an ineffectiveness claim, an appellant has the burden of showing both that trial counsel's performance was deficient and that, but for this deficiency, a substantial likelihood exists that the outcome of the trial would have been different. [Cit.]" *Lopez v. State*, 252 Ga. App. 681, 686 (3) (557 SE2d 1) (2001).

(a) Dechant first argues that counsel was ineffective because "[a] motion to suppress was never filed or heard." Without more, this argument is without merit as Dechant has failed to "make a strong showing that the evidence would have been suppressed had a motion to suppress been filed." (Citation and punctuation omitted.) *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994).

(b) Dechant's arguments that trial counsel failed to subpoena certain witnesses, failed to enter certain evidence, and failed to sufficiently cross-examine the arresting officer, are also without

---

[2] We note that pursuant to Court of Appeals Rule 25 (c) (2), any enumeration of error which is not supported by citation of authority or argument is deemed abandoned. See also Court of Appeals Rule 25 (c) (2) (i) (court will not consider enumeration not supported by citations to record).

merit. Decisions about which witnesses to call and how to conduct cross-examination are generally matters of trial strategy. *Heard v. State*, 291 Ga. App. 550, 556 (4) (a) (662 SE2d 310) (2008) (which witnesses to call); *Williams v. State*, 211 Ga. App. 393, 397 (2) (h) (439 SE2d 11) (1993) (how to conduct cross-examination). The admission of evidence is also a matter of trial strategy. Id. at 395 (2) (b). Because Dechant's claims relate to strategic matters outside the trial record, his counsel's testimony is required to evaluate the claim. See *Heard*, supra at 556 (4) (a). But here, trial counsel did not testify at the perfunctory hearing on the motion for new trial, and without counsel's testimony, we must presume that his actions were strategic. Id. Moreover, concerning the failure of counsel to subpoena certain witnesses to testify, Dechant failed to make a proffer of the witnesses' testimony. It is therefore impossible for him to show that the outcome of the proceedings would have been different. Id.

For the above stated reasons, Dechant's ineffective assistance claims are without merit.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 10, 2008.

*Cara Sprouse Rowe*, for appellant.
*Daniel J. Craig, District Attorney, William L. Bowcutt, Assistant District Attorney*, for appellee.