A10A1712. CLARK v. THE STATE.

(708 SE2d 386)

SMITH, Presiding Judge.

Nathaniel Clark appeals from his convictions for statutory rape and child molestation. He contends that the trial court erred by admitting DNA evidence and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

The record shows that a mentally impaired 15-year-old girl told a teacher that her mother's live-in boyfriend, Clark, "had been sexually abusing her and she was afraid that she might be pregnant." The victim testified that Clark had intercourse with her at her home when her mother was at work, that she went to "the abortion place" in Jacksonville where they did "some work on her," and that she never had a baby. She also testified that when she was 13, she started having intercourse with Clark, that she became pregnant, and that she had another abortion.

After the victim's second pregnancy was confirmed, a detective interviewed Clark. During the interview, Clark acknowledged that he was aware that the victim was pregnant, and he initially denied that he had had intercourse with the victim. When the detective "began to talk about DNA," Clark told the detective "there was need for no testing because he had, in fact, had sexual intercourse with [the victim]." He provided a written statement in which he admitted that the victim had an abortion two years earlier, that he had sex with her at that time, that he recently learned she was pregnant again, and that he might be the father.

The record shows that the victim's primary care physician provided her with information about her options, including that of abortion. The mother testified that she took her daughter to the All Women's Center in Jacksonville to obtain an abortion. The detective testified that she later arranged for "the fetal remains from the abortion, along with blood samples from both [the victim] and Mr. Clark" to be sent to Atlanta for DNA testing. A forensic biologist with the GBI crime lab in Atlanta testified that she conducted DNA testing on the known blood samples from the victim and Clark, as well as the fetal remains, and determined that there was a 99.9958% probability that Clark was the father.

1. In two related enumerations of error, Clark challenges the admissibility of the DNA evidence showing he was the father of the victim's unborn child.[1] We find no merit in this claim because "DNA evidence may be admitted without demonstrating a chain of custody, since it can be readily identified by reference to the defendant's DNA." (Citation omitted.) *Kuykendall v. State*, 299 Ga. App. 360, 364 (683 SE2d 56) (2009). See also *Hines v. State*, 307 Ga. App. 807, 809 (2) (706 SE2d 156) (2011).

2. In his remaining enumerations of error, Clark asserts five instances of ineffective assistance of counsel.

---

[1] The record shows that the State was unable to obtain the identity of any clinic employees who performed the abortion on the victim to authenticate that the fetal remains came from the victim. The clinic refused to cooperate based upon concerns for the safety of their employees and the doctor.

To prove ineffective assistance, [Clark] was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

*Maddox v. State*, 263 Ga. App. 507, 509 (2) (588 SE2d 305) (2003). If trial counsel does not testify in a motion for new trial hearing addressing a claim of ineffectiveness, we must presume his or her decisions were strategic. *Dechant v. State*, 294 Ga. App. 23, 27 (6) (b) (668 SE2d 501) (2008).

After carefully reviewing the trial transcript and the motion for new trial hearing (in which trial counsel did not testify), we find ample evidence supporting the trial court's conclusion that Clark did not fulfill his burden of proving that he received ineffective assistance of counsel.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 23, 2011 — ▪▪▪▪▪▪▪▪

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

*Edward W. Clary*, for appellant.
*Stephen D. Kelley, District Attorney, Diane L. Dodd, Assistant District Attorney*, for appellee.